O. SPRINKLE *vs.* JULIUS MARTIN, *et al.*

Where a debtor conveys property, in trust to sell and pay certain creditors, the trustee holds in trust for the creditors, and then in trust for the debtor as a resulting trust. This resulting trust can not be sold, under execution as an equitable estate, for by the provisions of the Statute, the purchaser at execution sale, takes the legal as well as equitable estate, which would cut off the creditors.

After the debts are paid, the resulting trust is liable to sale under execution. But a mixed trust cannot be sold in that way.

*Thompson* vs. *Ford,* 7 Ired. 418, *Harrison* vs. *Battle.* 2 Dev., Eq. 537, approved.

This was a civil action for the recovery of the possession of a tract of land and damages for the detention thereof, tried before Mitchell Judge, at Fall Term 1871, of Wilkes Superior Court.

Plaintiff showed a deed in trust from himself to C. L. Cook, made to secure a debt to Jenkins and Roberts, bearing date March 27th, 1855, and which covered the land in dispute, and a deed from Cook reconveying the land, and dated 12th March 1869. He also, for the purpose of showing that the defendant claimed under the same title, and for no other purpose, introduced a copy of a deed from E. Staley, Sheriff of Wilkes, to the defendants, reciting that he had sold the land in controversy, as the property of O. Sprinkle, on the 3rd day of May, 1858.

Defendants offered in evidence a transcript of record from the Superior Court of Mecklenburg county, setting forth a judgment obtained in said court, by Springs & McLeod against O. Sprinkle, at Fall Term 1856, of said Court, and a *fi fa* issued thereon to Spring Term 1857, which execution was returned unsatisfied. Also stating, that an alias *fi fa* had issued from Spring Term to Fall Term 1857, and returned unsatis-

fied.  It was also stated that a pluries *fi fa* had been issued, returnable to Spring Term 1858, of Mecklenburg Court, which was levied upon plaintiff Sprinkle's interest in said land, and that the same was sold.  The return did not state to whom the land was sold.  No *fi fa* was set out in the transcript, except the one to Spring Term 1857.  Defendants offered a deed from the Sheriff of Wilkes to themselves as purchasers. Plaintiff objected to the introduction of the deed.  The Court overruled the objection.  The plaintiff asked the Court to charge the jury, that as both parties claimed under the same parties, and as the plaintiff claimed through Cook, whose deed bears date 27th day of March, 1855, a date prior to the execution, under which defendants claimed, plaintiff was entitled to recover.  The Court declined so to charge, and instructed the jury that the plaintiff being maker of the trust to Cook, had a legal interest on the 3rd day of May, 1858, which was liable to execution and sale, and the defendants being the purchasers thereof, plaintiffs would not recover.  Verdict for the defendants.  Rule for a new trial.  Discharged.  Appeal, &c.

*Furches* for plaintiff.
*Armfield* for defendant.

PEARSON, C. J.  The defendant acquired no title by his purchase at the Sheriff's sale, for Sprinkle (the defendant in the execution) had no estate or interest in the land, which could be sold by the Sheriff under execution. *Thompson v. Ford*, 7 Ired, 418. *Harrison v. Battle*, Dev. Eq., 537.  When a debtor conveys to a trustee, in trust to sell and satisfy certain creditors, the trustee holds in trust for the creditors, and then in trust for the debtor, as a resulting trust.  This resulting trust cannot be sold as an equitable or trust estate, for, by the provision of the statute the purchaser at execution sale takes the legal, as well as the equitable estate, which would cut off

the creditors who are secured by the deed of trust. After all of the debts secured by the deed of trust, are satisfied, the resulting trust becomes liable to sale under execution, for the purchaser may then take the legal as well as the equitable estate, without prejudice to third persons. Such was the case in *Harrison* v. *Battle.* But where there is a mixed trust, as in our case, that is, a trust to pay debts which are unsatisfied and a resulting trust for the debtor, such resulting trust cannot be sold under execution; for the purchaser cannot take the legal estate without prejudice to the creditors named in the trust as in Thompson vs. Ford, and in our case. So, His Honor erred in his instruction "that the plaintiff being the *maker of the trust to Cook, had a legal estate in him* on the 3d day of May, 1858, liable to execution and sale."

The plaintiff at that time had no legal estate, and his resulting trust was not liable to execution sale.

ERROR. *Venire de novo.*