### JOHN B. SHARPE v. HARDY PEARCE.

A executed and delivered to B a mortgage upon a sorrel horse, described in the mortgage as "one horse," &c. A, with the consent of B, exchanged the sorrel horse for a bay horse, with the understanding that the bay horse should stand in the place of the sorrel horse in the mortgage. Afterward A exchanged the bay horse for another horse. In an action brought to recover the bay horse: *Held*, that the mortgage was a lien upon the bay horse as between the mortgagor and mortgagee, but did not embrace the bay horse as against a third party without notice, and the plaintiff had no title against the defendant.

(*Kea* v. *Robeson*, 5 Ired. Eq. 373; *Jones* v. *Morris*, 7 Ired. 370; *Gregory* v. *Perkins*, 4 Dev. 50; *Ibid* 1 Ired. 340; *Ibid* 2 Ired. 449; *Hubbard* v. *Winburn* 4 Dev. & Bat. 37, cited and approved.)

CIVIL ACTION, for the claim and delivery of personal property, tried on demurrer before his Honor, Judge *Moore*, at the Fall Term, 1875, of HERTFORD Superior Court.

The plaintiff filed the following affidavit, to-wit :

"John B. Sharpe, the plaintiff above named, being duly sworn, says :

1. That he is now the owner, and entitled to the immediate possession of the following described property : one bay horse about twelve years old.

That said property is wrongfully detained by one Hardy Pearce. That the alleged cause of detention, according to this plaintiff's best knowledge, information and belief, is as follows :

That sometime during the early part of the current year, he sold to one W. E. Miller a certain sorrel horse, and that the said Miller executed to the plaintiff a lien or mortgage on the said sorrel horse, to secure the payment of the purchase money for the same. That since this first sale, the said Miller traded off the said sorrel horse for another, with the approval and understanding of and with the plaintiff, that his lien or

mortgage was to be held by him on the same, or that the horse traded for was to stand in the place of the said sorrel horse. That notwithstanding this understanding, the said Miller, without the knowledge and consent of the plaintiff, has made another trade for a horse, almost worthless.

Wherefore the plaintiff demands that the said bay horse be taken from the defendant and returned to him.

That said property was not taken for tax, or fine, or assessment pursuant to a statute, or seized under attachment or execution against the property of deponent.

That the actual value of said property is about one hundred dollars. That the plaintiff is about to commence an action in this court for the recovery of the possession of said personal property, the summons in which action being hereunto annexed."

The Clerk ordered that the said bay horse be delivered to the plaintiff upon his filing the undertaking required by law.

To this affidavit, used as a complaint, the defendant demurred, assigning as the grounds thereof:

1. That it does not appear that the plaintiff had any mortgage, trust or lien of any kind upon the horse demanded in the complaint.

2. It does not appear that the defendant had notice of any mortgage, trust or other lien existing against the horse demanded in said complaint.

On the hearing, after argument, his Honor sustained the demurrer, giving judgment in favor of defendant and dis missing plaintiff's complaint with costs.

From this judgment the plaintiff appealed.

*Smith & Strong*, for appellant.
*Gilliam & Pruden*, contra.

BYNUM J. The plaintiff sold and delivered to Miller a sorrel horse, at the same time taking a mortgage upon the

same horse and other property to secure the purchase money and other debts. Miller, the mortgagor, afterwards traded the horse for another—a bay horse about twelve years old, with the consent of the plaintiff and with the understanding that he should stand in the mortgage in the place of the sorrel. After this, the mortgagor traded off the bay horse to the defendant for another horse alleged to have been worthless; whereupon the plaintiff brought his action of claim and delivery against the defendant for the bay horse.

The only description of the horse given in the plaintiff's mortgage is, that Miller " does by these presents bargain, sell and convey to the said John B. Sharpe, and his heirs and assigns *one horse*," &c.   The demurrer admits these facts, and the question raised is, whether the plaintiff can maintain his action. . The trade of the sorrel horse for the bay with the assent of the plaintiff, vested the title of the bay in the mortgagee, as against the mortgagor, but how did it effect third persons without notice ?   The defendant Pearce traded for a *b ry* horse; the mortgage was of a *sorrel.*   The very purpose of the registration laws was to prevent frauds upon creditors and purchasers, by requiring that the deed must describe the subject matter of the conveyance, so as to denote upon the instrument itself, what it is in particular, or refer to something else to make it certain.   *Kea* v. *Robinso* , 5 Ired. Eq. 373.   *Jones* v. *Morris*, 7 Ired. 370.   *Gregory* v. *Perkins* 4 Dev. 50.   1 Ired. 340.   2 Ired. 449.   Suppose the defendant had searched the Register's books to find out whether there was a lien upon the bay horse for which he was about to trade.   He would have ascertained there, that Miller had mortgaged to the plaintiff " one horse " without farther description.   Had he then gone outside of the deed to learn what horse was meant, he would have found that it was a sorrel horse that was mortgaged, and not a bay.

To hold that such a mortgage is valid, and constructive notice to the defendant, would be to hold that the registration

laws, which were designed to prevent fraud, were themselves a trap and a fraud upon honest purchasers. Against third persons without notice, the mortgage did not embrace the bay horse and the plaintiff had no title as against the defendant. We do not think *Hubbard* v. *Winburn,* 4 Dev. and Bat. 137, cited by the plaintiff's counsel, conflicts with our decision in this case.

There is no error.

PER CURIAM.                                    Judgment affirmed.