JOHN P. CORN v. CYNTHIA STEPP.

*Notice of motion to dismiss Action—In forma Pauperis.*

Where plaintiff is permitted to sue *in forma pauperis* and an answer is filed to the complaint and the case continued from term to term for three years, *it was held* error to allow defendant's motion to dismiss the action for insufficiency in the affidavit upon which the order to sue was granted, without a previous notice to the plaintiff. The court intimate that in this case the defendant has waived all exception to the affidavit. (*Brittain* v. *Howell*, 2 Dev. & Bat. 107, cited and approved.)

APPEAL from an order made at June Special Term, 1880, of HENDERSON Superior Court, by *Schenck, J.*

In 1877 the plaintiff made an affidavit before the clerk of the superior court of his inability to give the security required by law for the prosecution of his action against the defendant, and prayed to be allowed to sue without it. He did not state in his affidavit that he had a good cause of action; nor does the record show that he offered any proof to that effect; but it was accompanied with a statement of counsel setting forth that he had examined the case and was of the opinion that the plaintiff had a good cause of action. The clerk then made an order allowing the plaintiff to sue *in forma pauperis,* and the summons was issued returnable

to fall term, 1877, at which term the complaint was filed and the defendent answered to the merits of the case. The cause was continued from term to term, until spring term, 1880, when on motion of defendant's counsel, the plaintiff's suit was dismissed on the ground that " no evidence or proof was offered by the plaintiff that he had a good cause of action against the defendant in order to justify an order allowing him to sue *in forma pauperis*," from which the plaintiff appealed.

No counsel for plaintiff.
*Mr. James H. Merriman,* for defendant.

RUFFIN, J. In the view we take of this case, we have not thought it necessary to consider at all the propriety or impropriety of the action of the clerk in giving permission to the plaintiff to sue without giving a bond for the prosecution of his action ; for admitting that to have been an error in him, we still think that the action of His Honor in so peremptorily dismissing the plaintiff's action is not in keeping with the spirit of the adjudications of this court.

Under the statute, as contained in the Revised Code, ch. 31, § 40, it was the duty of the clerks to take from plaintiffs bonds with proper security for the prosecution of their actions, and it was expressly provided that if "any writ or other leading process shall be issued without security, the same shall be dismissed by the court on motion of the defendant."

Under that stringent law, (far exceeding any that can be found in the C. C. P.) this court held, in the case of *Brittain* v. *Howell,* 2 Dev. & Bat., 107, that where the plaintiff had sued out his writ without giving the required bond, but the defendant had put in an answer, and several terms had been allowed to pass without any motion to dismiss on that ground, it was not proper in the court to make a preemptory order to dismiss the plaintiff's action for the want of a bond ; and

there is a clear intimation that under such circumstances the defendant might be held to have waived it.

Now, it cannot be maintained, we presume, that the plaintiff, by reason of his having made an effort to procure the leave of the court to sue *in forma pauperis*, can be in a worse plight than if he had issued his summons without, even, seeming to comply with the requirements of the law. If no more, he certainly must be entitled to as much indulgence as was shown the plaintiff, in the case just cited, who made no show of giving any security whatever, or of any excuse for his failure to do so.

After the defendant had filed an answer and had allowed the cause to remain upon the docket for nearly three years without any objection whatever as to the insufficiency of the affidavit upon which the order was procured, or the lack of proof to support it, we would be much inclined to hold that he had waived all exception thereto; or if not so, then, that most clearly the plaintiff was entitled to have notice given him of the purpose to move for the dismissal of his action, to the end that he might either amend his affidavit or supply the requisite proof as to his action being a meritorious one; from all opportunity to do which he was cut off by the peremptory order made, (as we gather from the record) just as he supposed himself to be on the eve of a trial of his cause upon its merits.

This court therefore holds that it was an error in the court below to have so dismissed the plaintiff's action; and we direct that this opinion be certified to said court that the action may be proceeded with upon such terms in regard to security for its prosecution as to the court may seem just and right.

Error. Reversed.