JAMES M. HARDIN v. JESSE RAY, et al.

_Execution Sale—Surety—Ejectment—Pleading._

1. When a deed of trust is executed to a surety to indemnify him, the interest of the principal debtor in the land conveyed, is not liable to be sold under an execution issued on a judgment obtained on the same debt, by the creditor.

2. Where in an action of ejectment, the defendant sets up an equitable defence, the plaintiff may reply equitable matter in rebuttal, although not set up in the complaint.

3. A surety has the right to call on the principal debtor to indemnify him from anticipated loss, before he has actually paid the debt.

4. So where a debtor conveyed land to his surety to indemnify him, and afterwards the creditor sold the same land under an execution issued on a judgment obtained on the same debt, at which sale the surety purchased, and brought ejectment, _It was held_, that the interest of the debtor was not liable for sale under execution, but before he could be entitled to a decree for a reconveyance, he must pay the amount for which the surety was liable, although the surety never paid it.

(_Sprinkle_ v. _Martin_, 66 N. C., 55 ; _Thompson_ v. _Ford_, 7 Ired., 418 ; _Harrison_ v. _Battle_, 1 Dev. Eq., 537 ; _Burroughs_ v. _McNeill_, 2 D. & B. Eq., 297, cited and approved).

CIVIL ACTION, to recover land, tried before *MacRae, Judge*, on exceptions to the report of a referee, at Spring Term, 1885, of the Superior Court of ASHE county.

This was a civil action to recover land brought by the plaintiff J. M. Hardin, against the defendant, to recover the land described in the complaint.

It was stated in the judgment of the Court below, that it was admitted that R. T. Hardin had been made a party plaintiff.

The complaint was in the usual form of an action to recover land, alleging title in the plaintiff and the withholding the possession by the defendant.

The defendant answering the complaint, alleged that he had been the owner of the land in fee simple, and conveyed it to R. T. Hardin, to secure certain debts he owed him, and to indemnify him against loss, by reason of his having stood his security to some debts due by him to others; that he had paid up all the debts to R. T. Hardin, and nearly all for which said Hardin was liable as his surety; that about a year before the purchase of the land at Sheriff's sale by J. M. Hardin, R. T. Hardin and defendant came to a settlement, and said Hardin expressed himself satisfied with the payments made by the defendant on the debts so intended to be secured in the deed, and re-delivered the deed to the defendant with the following indorsement, to-wit: "I assign the within deed to Jesse Ray, and hereby convey to him all my right, title and interest in the land herein conveyed to me the......day of...... ......, 1872," signed R. T. Hardin, and attested by two witnesses, but it was not sealed. That it was the intention of Hardin by this arrangement, to divest himself of all interest in the land, and release his interest in the same to the defendant, and he insisted that the agreement should be specifically performed.

The plaintiff replied to the answer of defendant, and admitted the ownership of the land by the defendant as alleged, and that the deed was executed to secure debts due by the defendant to R. T. Hardin, and to indemnify the said Hardin against lia-

bility, as surety for the defendant on other debts due by him. He denied that he purchased the land at Sheriff's sale, under an execution against R. T. Hardin. He admitted that he signed the assignment on the deed, as alleged in the answer, but insisted that it had no seal, and that he was induced to sign it by the false representation of the defendant, that he had paid up all the debts secured in the deed, and all of those for which the plaintiff, as surety, was indemnified against by the deed. He denied that after this settlement, R. T. Hardin had no such interest in said land as was liable to be sold under execution, and he alleged that before the beginning of this action, the defendant had been declared a bankrupt, and before the filing of his petition, one Willis, as administrator of Eli Fann, recovered judgment against the defendant before a Justice of the Peace for Ashe county, and the same being duly docketed in the Superior Court of said county, execution was issued thereon, and was levied on the land mentioned in the complaint, and the same was sold, and the plaintiff became the purchaser, and took the Sheriff's deed for the same, before the bringing of this action.

By consent of parties, the case was referred to E. L. Vaughan, to state an account and make report. He reported, that after taking proof as to the mutual accounts of defendant and R. T. Hardin, that the plaintiff was indebted to the defendant in the sum of $19.06, and that there was still due from the defendant on the Fann debt, for which R. T. Hardin was surety for the defendant, the sum of $43.77, and deducting the $19.06 from that amount, it left a balance due the plaintiff of $24.71, to secure which, the deed from the defendant to the plaintiff was executed, and for which the plaintiff was still liable ; and he found as a fact, that at the time the deed was re-delivered, that the plaintiff and defendant acted upon the belief that the plaintiff was fully discharged from all liability on the debts the deed was executed to secure, and, as a conclusion of law, he held that the re-delivery of the deed by the plaintiff to the defendant, under a mistake of fact by the parties, did not divest the plain-

tiff's title, but the same subsists for his protection, until the balance of the debt was paid.

The defendant excepted to the report of the referee:

I. In that he deducts the defendant's account, balance due from plaintiff, of $19.06, from the balance due on the Fann debt of $43.77, which is unpaid.

II. For that he finds the deed executed by the defendant to plaintiff, was made to secure the Fann debt ; whereas, in fact, the said deed was made to indemnify the plaintiff, for losses he might sustain by becoming the defendant's surety.

III. For that the referee found that the land sued for, is still liable for the sum of $24.71, the balance due on the Fann debt, when in fact the said amount has not been paid by the plaintiff.

The Court rendered the following judgment :

" This cause coming on to be heard, upon the report of the referee and exceptions thereto, and being heard, and it being admitted that R. T. Hardin has been made a party to this action, the finding of fact by the referee being adopted by his Honor, it is considered by the Court, that the said report be in all respects confirmed, and it is adjudged by the Court, that the title to the lands described in the complaint, is in J. M. Hardin, as a security for the payment by the defendant Jesse Ray, of the sum of twenty-four dollars and seventy-one cents, and interest, upon a judgment in favor of R. B. Willis, administrator, vs. R. T. Hardin ; and it further appearing to the Court, that since the report of the referee has been filed, the said sum, and interest and cost, has been paid by said Jesse Ray, and credited upon said judgment ; It is ordered, that the deed from Jesse Ray to R. T. Hardin, and the deed from William Latham, sheriff, to J. M. Hardin, for the lands described in the complaint, be delivered up into the hands of the Clerk of this Court and cancelled, upon the payment by Jesse Ray of all the cost of this action, including an allowance by consent of forty dollars to E. L. Vaughan, Esq., for taking and settling the account."

From this judgment, the defendant appealed.

No counsel for the plaintiff.

*Mr. D. G. Fowle,* for the defendant.

ASHE, J. (after stating the facts). The pleadings, and the entire proceedings in this case, are such a departure from the regular and orderly practice of our courts, that we feel some hesitancy in going into a consideration of the case.

But as there is enough appearing from the confused and imperfect statement of facts, to enable us to reach the justice and equity of the case, we have concluded to pass these imperfections by, and decide this case upon its merits, so far as they can be ascertained.

According to the plaintiff's own showing, and the finding of the referee, J. M. Hardin, the original plaintiff in the action, acquired no title to the land in controversy by his purchase at the sheriff's sale. For it is alleged in the plaintiff's replication, that he purchased it at a sale by the sheriff, under an execution issued against the defendant Ray, upon a judgment obtained against him by one Willis, as administrator of Fann, and the land at that time was subjected to the trust executed by the defendant to R. T. Hardin, to secure that debt, as found by the referee, and that there was still a balance due and unpaid, and that being so, the interest of the defendant Ray was not the subject of execution and sale. *Sprinkle* v. *Martin,* 66 N. C., 55; *Thompson* v. *Ford,* 7 Ired., 418; *Harrison* v. *Battle,* 1 Dev. Eq., 537.

In this view of the case, there was error in the judgment of his Honor, in adjudging that the title to the land described in the complaint was in J. M. Hardin. But this error does not materially affect the result. For as the referee found that the deed of trust was executed to secure the Fann debt, among others, the legal title was in R. T. Hardin until the balance of $24.71, found to be due on that debt, was paid.

The exceptions of the defendant to the report of the referee, we think, were properly overruled by the Court. The defend-

ant having set up an equitable defence to that action, the plaintiff then had the right to reply any equitable matter in rebuttal, which might avail him.    Therefore, he had the right, if the deed of trust only gave him an indemnity against his liability as surety on the Fann debt, "without waiting for actual loss, to call on the defendant to indemnify him against impending injury."    *Burroughs* v. *McNeill*, 2 Dev. & Bat. Eq., 297.    The referee, therefore, did right to deduct the $19.06, found to be due from the plaintiff R. T. Hardin to the defendant, from the $43.77, found to be still due on the Fann debt, for which the said Hardin was liable, and in this view, it would make no difference, whether the deed of trust was executed to secure the Fann debt, or to indemnify the plaintiff R. T. Hardin, as the defendant's surety on that debt.

Our conclusion is, there was error in the judgment of the Superior Court, in that it was adjudged "that the title to the lands described in the complaint, is in J. M. Hardin, as a security for the payment by the defendant Jesse Ray, of the sum of twenty-four dollars and seventy one cents and interest, upon a judgment in favor of R. W. Willis, administrator vs. R. T. Hardin."    There was error in this part of the judgment, for there is no allegation in the pleadings by the plaintiffs, or either of them, that J. M. Hardin purchased the land at execution sale under such a judgment, but on the other hand, it is expressly alleged by them, that J. M. Hardin purchased at a sale under an execution against the defendant Ray, and as the Court found the fact, that the Fann debt, with interest and costs, had been paid by the defendant since the report of the Referee had been filed, there was error in ordering that the deeds from Jesse Ray to R. T. Hardin, and from Willis Latham, sheriff, to J. M. Hardin, should be delivered up into the hands of the Clerk, to be cancelled.    The judgment should have been, and is so modified, that R. T. Hardin and J. M. Hardin, shall re-convey the land described in the complaint, to the defendant Jesse Ray, upon the payment by Jesse Ray of all the costs of this action, including

an allowance of forty dollars to E. L. Vaughan for taking and settling the account, and the case is remanded to the Superior Court, that the judgment of the Superior Court, as herein modified, shall be carried into execution.

Modified and remanded.

Modified                                                Remanded.