SARAH HOUSTON v. LAURA SLEDGE et al.

*Pleading—Specific Performance.*

Action for specific performance of contract for sale of land; defendant set up a rescission of contract by agreement, and plaintiff admitted the agreement, but alleged that the same was made on condition that defendant was to pay a sum of money, which had not been paid, and demanded judgment for the amount; defendant demurred for that the plaintiff's reply was not consistent with the complaint; *Held,* that there was error in refusing to overrule the demurrer, since neither the alleged unperformed condition of rescission nor the money demand is inconsistent with the pleading.

CIVIL ACTION, tried at Spring Term, 1887, of McDOWELL Superior Court, before *MacRae, Judge.*

The plaintiff alleges, and the answer admits, that John W. Houston, on May 15th, 1876, contracted with R. D. Wilson for the purchase of a certain town lot in Marion, and in pursuance thereof the former executed his three several notes, under seal, for parts of the purchase money, the aggregate being $750, payable respectively on May 15th of the three following years ; and the latter gave a title bond covenanting to convey the lot when the price thereof was paid. It is further conceded, that Houston died before any of the notes became due, having in his life-time begun the erection of a house on the premises, without having paid any part of the purchase money, and that Wilson died in January, 1883, leaving a will, wherein he appoints the defendants, M. L. Sledge and Joshua McCurry, executrix and executor, both of whom qualified as such. The defence set up to the action for specific performance is, that the vendee, and those succeeding to his rights, were wholly unable to comply with the contract; that after his death, his es ate being insolvent and unable to pay its indebtedness, the said Wilson and his co-administrator, to whom letters of administration on the intestate's estate had issued, filed a petition in the proper Court with the widow, father and brother of the deceased, for leave to sell his equitable interest in the lot, and, they assenting thereto, obtained an order granting such license to convert the same into assets, and by virtue thereof the sale was made at the price of five dollars; that thereupon the said Wilson, with full notice to and without objection from others, entered upon the premises, and proceeded to complete the structure begun by the vendee, at an expenditure of more than $2,000 ; that no complaint was made by the plaintiff, who claims to be sole owner, by purchase from those entitled, of the whole estate, real and personal, of the intestate, nor by others, until, after an acqui-

escence for a period of six years, in 1883, and after the death of said Wilson, when the value of the lot from improvements put on it had been increased to $2,500 or $3,000.

The plaintiff thereupon brought suit.

Plaintiff replying, by leave of the Court, to the answer filed herein, alleges:

That it is true that this plaintiff and R. Don Wilson, deceased, did agree to a rescission and recantation of the contract herein complained of, and avers that said R. Don Wilson agreed then and there to take back the land at the contract price, and to pay the plaintiff the value of the improvement that J. W. Houston had already put on the land, and agreed to take and use all material on hand or contracted for by said Houston, and to pay the plaintiff the costs of the same, which improvement and material amount to a large sum of money, to-wit: to the sum of six hundred and fifty dollars; that plaintiff has demanded payment, and defendants have refused; wherefore plaintiff asks for judgment for six hundred and fifty dollars and costs on same from the date of said rescission, about January 1st, 1878, and costs of suit.

The defendants by their attorney demur to the reply of plaintiff herein, and says that the several matters set up by Sarah Houston in her said reply are not sufficient to enable her, the said plaintiff, to maintain her action aforesaid against these defendants, for that the cause of action is based upon a right to have specific performance of a contract to convey land, and the reply of plaintiff seeks to enforce a claim based upon an alleged rescission of said contract before the bringing of this action.

For that the said reply is a total departure from the original cause of action, and wholly inconsistent therewith.

Wherefore, defendants demand judgment for their costs, &c.

The Court sustained the demurrer and on defendants'

HOUSTON v. SLEDGE.

motion, dismissed the action and gave judgment against plaintiff for costs, from which the plaintiff appeals.

*Mr. Jas. M. Gudger*, for the plaintiff.
*Mr. P. J. Sinclair*, for the defendant

SMITH, C. J., (after stating the case). The replication is not such a departure from the complaint as to warrant the action of the Court in making this sudden and final determination of the cause. The replication was not essential to its further progress, unless required by the Court, since only matters in avoidance are brought forward in the answer. *The Code*, §248.

The pleadings present this case: The plaintiff demands specific performance of a contract made in the intestate's life-time. The defendants admit that it was made as mentioned in the complaint, and say that it was afterwards rescinded and annulled, and this acquiesced in for many years as a disposition of the original claim. The plaintiff says it is true that the plaintiff and the testator did come to an agreement for a rescission of the contract, but it was on the terms of the exoneration of the intestate from the obligations and the payment to him of the value of the improvements put upon the lot, which he estimates at $650; and in this the testator has failed to comply with the conditions of the rescission. The plaintiff acquiesces in this, and demands payment of said sum.

Assuming, as the demurrer does, the unfulfilled terms of the contract to rescind on the part of the vendor, it cannot be enforced as such against the vendee of the plaintiff, who has succeeded to his rights, and hence does not constitute a bar to the action against the will of the other contracting party. But the plaintiff may waive the delay and take the money to be paid in reimbursement of the expenditure put upon the premises, and the offer to do this is the

27

substance of the replication.    It is but the upholding of the controversy, its identity remaining, and if the demurrer was properly sustained, the effect would be to strike it out of the pleadings and leave the parties to proceed upon the complaint and answer as if the replication had not been filed, it perhaps furnishing evidence upon the trial of issues that may be formed.    The new matter in avoidance would then require proof in their support from the defendants.

But we think there is error in sustaining the demurrer, and that the replication does strike directly at the defence in averring conditions to the rescission, not complied with, and which render it ineffectual as an obstruction to the remedy. Nor does the demand for the money, which may be considered but a proposition to abide by that agreement, essentially change the nature and legal effect of the pleading.

We, of course, express no opinion of the effect of the delay in the assertion of the claim, while, meantime, large expenditures were made by the testator, if true, in denying the relief sought.    But for the error assigned the judgment must be reversed, and the cause left to proceed in the Court below.

Error.                                                Reversed.