(Hamilton County Court of Common Pleas, March 1897.)
### ANTHONY BARBIN v. JOSEPH ZETLMAIER.

*Substitution of other property for that described in chattel mortgage—*
Other property than that described in a chattel mortgage can not be substituted by agreement of the parties.

S. W. SMITH, J., J.

In this case it appears that Jospeh Zetlmaier, the defendant, held a chattel mortgage, duly filed and recorded, upon property of one Engled; that an action of replevin was brought by said Zetlmaier to obtain possession of said chattel property; and after the bringing of said replevin suit, and while said chattel property was in the possession of the sheriff, Anthony Barbin recovered a judgment against said Engled and levied execution upon all of said chattel property. And it appeared, after this was done, that a certain number of cows which had been taken by the sheriff under said replevin suit, were not included in the original mortgage, but had been substituted, by verbal agreement between said mortgagor and said mortgagee, in place of those actually mortgaged. All of said chattel property was sold and the proceeds of sale turned over to the defendant herein; and this action is brought by Barbin, the judgment creditor, asserting that his levy upon the property substituted is prior to the chattel mortgage claim of the said defendant, and asking to recover the amount of his said judgment from the said defendant Zetlmaier.

It would seem that there can be no substitution of other property in the place of that described in the mortgage by agreement of the parties. This mortgage does not come within the rule of those decided by our courts in which is inserted in the mortgage the clause that the mortgage shall cover after-acquired property. The object of registering and filing chattel mortgages is to give notice to third parties of what is covered by the mortgage; and if there is no such clause covering substituted or after-acquired property, it would seem that the mortgage would not be good as to such additional property. (See section 71 of Jones on Chattel Mortgages; Sharpe v. Pearce, 74 N. C., 600). The only way that this substituted property, or additional property, could be made to be included in the mortgage is by way of pledge of such additional or subsituted property; and if by pledge, then by the delivery of said property to the mortgagee. The possession in such case is not under and by virtue of the mortgage, but under and by virtue of the pledge.

In this case, however, there is no claim of this kind made; and the cases cited by counsel for the defendant do not cover the point, for the reason that the substituted property, while it is true it was taken by the sheriff in the replevin suit, nevertheless was taken by virtue of the mortgage, and was not covered or included in the mortgage, and therefore the sheriff had no right to its possession in said suit. (See Section 167 of Jones on Chattel Mortgages, and cases cited.)

There is nothing in this mortgage to give notice to any third parties that additional property is to be covered in said mortgage other than what is specified therein; and it would seem, therefore, that as to such additional property it would not pass to the mortgagee by any verbal agreement.

So far as the decision of Judge Evans is concerned, in this case, it simply related to the rights existing between the mortgagor and the mortgagee, and can not affect the rights of a subsequent judgment creditor without notice.

Judgment, therefore, can be entered for plaintiff.

*Gorman & Thompson*, for plaintiff.
*Gray & Tischbein*, contra.