NIMS MANUFACTURING CO. v. BLYTHE.

(December 19, 1900.)

*Amendment—Pleading—Complaint—Breach of Contract— The Code, Sec. 273—Referee.*

> The trial court may, upon the coming in of a referee's report, permit an amendment to the complaint to conform to the facts found if the amendment does not change substantially the cause of action.

CIVIL ACTION by the Nims Manufacturing Company against T. A. Blythe, trading as R. A. Blythe, heard by Judge O. H. Allen, upon exceptions to referee's report, at June Term, 1900, of MECKLENBURG Superior Court.    From judgment for plaintiff, the defendant appealed.

*Burwell, Walker & Cansler,* for the plaintiff.
*H. W. Harris,* for the defendant.

CLARK, J.    This is an action for damages for breach of a contract by defendant to buy all its output of yarns for April, May, and June, 1893, at a fixed price.    The defendant, in his answer, alleged a settlement made at Philadelphia, April 29, 1893, by which he was to pay for all yarns in process of manufacture, but denied he was to pay for those that had been shipped; that is, for two other lots mentioned in the

answer.  The plaintiff filed, by leave of court, an amended complaint giving its version of the Philadelphia adjustment, alleging that it was agreed that defendant should pay for said other two lots.   On the trial before the referee the whole matter of the Philadelphia adjustment was gone into.   The Court substantially sustained the referee's report, first allowing the plaintiff to further amend his complaint to conform to the facts found.   The defendant's objection, presented in different forms, to this amendment, is the ground of appeal. Code, sec. 273, authorizes the Judge "before and after judgment" to make amendments in furtherance of justice, and, "when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."   Such is this case.   The plaintiff sued for breach of contract.   The defendant pleaded an adjustment. The plaintiff amended, and alleged the terms of adjustment were different.   Without any exception by defendant, the evidence was fully presented, and on coming in of the referee's report the Judge, with some modification, approved the same, but, out of abundant caution, first allowed the plaintiff to further amend pleadings to conform to facts as proved.   In *Houston v. Sledge,* 101 N. C., 640, *Id.,* 98 N. C., 414, the plaintiff sued for specific performance of a contract.   Defendant pleaded rescission, and abandonment of contract, and plaintiff replied admitting the rescission, and alleged that defendant at the time of the rescission agreed to reimburse him for certain improvements he had made upon the premises.   It was held that, while the original cause of action was abandoned, and a new one in form substituted for it, this was not a departure in pleading, as the new cause of action  was embraced within the original one, and was in law identical with it, and did not, by its introduction into the case, essentially change the nature and

legal effect of the pleading; and that "such a change is not such a departure from The Code system of pleading as necessarily to defeat the action and send plaintiff out of the court to pursue her remedy upon the rescinding agreement, for the vital and essential subject-matter remains; and such an amendment accords with the new practice, which, ignoring the new forms, aims to adjust and settle controversies about the same matter in a single action when the other party is not misled to his injury and damage." To like purport, *Banking Co. v. Morehead,* 126 N. C., 279; *Craven v. Russell,* 118 N. C., 564; *Ely v. Early,* 94 N. C., 1; *Hendon v. Railroad Co.* (at this term). In *Sams v. Price,* 119 N. C., 572, it is said: "The plaintiff could not abandon his cause of action, and recover upon an entirely different cause of action, without amendment. It is true, if the defendant makes no objection, and tries the case in the changed aspect, he will be taken as assenting thereto, and the amendment of the pleadings can be made after verdict to conform them to the case as tried." In the present case there is not an entirely different cause of action, but a controversy over the terms of an adjustment of the original cause of action, which adjustment is set up by the defendant to reduce the amount of the recovery, and the amendment is made before judgment. This is the root of the matter, and it is not necessary to discuss the exceptions in detail.

Affirmed.