CLARK, J., dissenting.
This is an action of ejectment, and it is alleged by the plaintiffs and admitted by the defendants that James Case, the ancestor of the defendants, at one time was the owner of the land in controversy. And the plaintiff undertook to show that he had acquired the title of James Case, and is now the owner of the land. He undertook to do this by a mortgage deed from James Case to William Case, dated 24 December, 1850; a deed from William Case to W. L. Henry, dated 15 March, 1855; a deed from Sumner, sheriff, to George Brooks, dated 11 September, 1869; a deed dated 13 November, 1882, from parties claiming to be the heirs of George Brooks to Samuel Brooks; a deed of trust from Samuel Brooks and wife to H. B. Stevens, dated 4 February, 1893, and a deed from H. B. Stevens, trustee, to Thos. D. Johnston, the plaintiff, dated 8 April, 1896. And the plaintiff further claims that if he has failed to show that in this way he has acquired the title of James Case to the land in controversy then, by color of title and adverse possession, that he has shown color of title to said land, and such adverse possession as to ripen into title, and that he is entitled to recover on that account.
During the progress of the trial the defendants noted many exceptions, as appears of record, and upon judgment being rendered against them they appealed.
We do not propose to consider all the exceptions taken but only such of them as are necessary to a disposition of the case on appeal.
The court properly held and instructed the jury that no title passed to George Brooks by the sale and deed of Sheriff (493) Sumner. Sprinkle v. Martin, 66 N.C. 55. This being so, all the evidence offered for the purpose of tracing the title from James Case to W. L. Henry, and all the conversations alleged to have taken place between James Case and said Henry, *Page 355 
or any one else, as to whether he held under Henry and as his being Henry's tenant, were irrelevant, incompetent and improperly allowed as evidence. It may not have appeared to be so when it was offered, as the case may not have been sufficiently developed at that time to show its irrelevancy. But if this were so when it appeared that the sheriff's deed conveyed no title, as he was attempting to sell a mixed equitable estate (as in Sprinkle v.Martin, supra), he should have excluded it, and should have so charged the jury. This he did not do, but erroneously charged the jury if they found that James Case ever held under W. L. Henry the plaintiff would be entitled to have counted such time so held by him as adverse possession. This was error. The plaintiff could only have had the benefit of such adverse possession of those who held under him or those under whom he derived histitle. And as he derived no title from Henry, he could not have the benefit of Henry's possession nor of any one holding possession under him. If there was such holding under Henry it would tend to strengthen Henry's title; but the plaintiff does not connect himself with Henry and gets no support from any title Henry may have had.
The plaintiff must recover upon the strength of his own title, and it would be as fatal to his action to show that the title is in Henry as it would be to show that it was in the defendants, as the plaintiff has failed to connect himself with Henry's title.
The plaintiff having failed to connect his title with that of Henry, the defendants are entirely disconnected with the plaintiff's title, if he has any, and free from any estoppel on account of their being the heirs at law of James Case. That may have existed as between them and Henry's title, but not (494) between them and the plaintiff's title. And the court erred in charging the jury that the defendants, who were femescovert or infants, were estopped and barred by adverse possession the same as if they were femes sole, or of full age.
The plaintiff being unable to connect himself with the Henry title (if he had one), or any other title derived from James Case, the common source of title, he must fail unless he can recover under color of title and adverse possession. And as the defendants are the heirs at law of James Case they are tenants in common, and the possession of any one of them would be sufficient to exclude the claim of adverse possession on the part of the plaintiff if they have been in possession and have not agreed to hold under the plaintiff or those under whom he claims since the date of the sheriff's deed.
But the color of title is not title. It is only a shadow and not a substance; but for the purpose of quieting titles and to prevent *Page 356 
litigation about State claims the law has provided that where one enters into the open, notorious possession of land undercolor of title — this shadow — and remains continuously in said adverse possession for seven years, claiming it as his own, the law will protect such possession; that such long possession under color of title in the eyes of the law ripens such color into title. But that shadow or color only extends to the boundaries marked by the color — the deed, and can extend no further; though they may be circumscribed, as they will not even cross another line unless there is actual possession across that line, or lappage, as it is called. And if there is a general description and also a particular description or boundary lines they will control, and the general designation will only be considered for the purpose of identifying the land. This is so where the land is actually conveyed and the title passed under the deed. Midgett v. Twyord, 120 N.C. 4. And certainly it must be so where (495) the deed is not a title but only a color of title. Smith v. Fite, 92 N.C. 319.
The paper-writing, without a seal, called a deed, dated as of 1869, but written in December, 1887, as contended and not denied, and registered on 8 December, 1887, was improperly admitted in evidence. It was not a deed and conveyed nothing. Patterson v. Galliher, 122 N.C. 511. And if it was color of title, and we do not think it was, it should not have been allowed in evidence, as it was, to W. L. Henry, with whose title (if he had any) the plaintiff's chain of color had no connection, if he ever had any; and if any one could have gotten any benefit from this paper it would be the W. L. Henry estate, which has no connection with the plaintiff's chain of colorable title or deeds. As we have stated, the benefit of possession for the purpose of ripening title can only be claimed when it is held by or under the plaintiff, the party claiming its benefit or those under whomthey claim; and, as we have also stated, to establish Henry's title (if that could be done) would be to defeat the plaintiff's action.
But this paper was not a deed; its registration was not authorized, and it could amount to no more than an unauthorized statement of William Case, not under oath, and should not have been admitted in evidence. But if it had been proved in such a way as to have been admissible in evidence (if that could have been done), it could not have the effect to enlarge the lines of the plaintiff's color. The deeds of the plaintiff did not convey the title, indeed they conveyed nothing; and he now claims it by color andadverse possession. This color only extends to the boundary lines, and they cannot be enlarged so as to change the color by showing what was intended to be conveyed. It is *Page 357 
the color and adverse possession that gives title. But we will not discuss this matter further as we have shown that this paper has nothing to do with the plaintiff's claim of title or color of title.
There was error in the respects pointed out in this opinion, for which the defendants are entitled to a (496)
New trial.