## J. F. WHITE COMPANY v. C. A. CARROLL.

(Filed 4 December, 1907).

1. **Pleadings — Mortgage — Right of Possession — Parol Contract — After-acquired Property.**

   When the complaint, in a suit for the recovery of a stock of goods embraced by a mortgage given by defendant, alleged the right of possession thereunder and the answer denied the execution of the mortgage and alleged the consideration had failed, in that the goods covered by the mortgage had been sold, it was error for the court below to strike out, upon motion, a reply that had been filed for several terms of the court, and to exclude evidence thereupon, to the effect that the defendant agreed by parol, after the execution of the mortgage, that the lien thereof should apply to goods in defendant's store, afterwards acquired, as security for the payment for goods the defendant bought from the plaintiff from time to time.

2. **Same.**

   When plaintiff alleges that the defendant had mortgaged, as security for credits extended by the plaintiff, "all of the goods in said store at the time of the bringing of the action," by a liberal interpretation (Revisal, sec. 495), the averment will include a separate and independent agreement, apart from that contained in the original mortgage, to give a lien by parol on after-acquired stock in said store.

3. **Same—Reply Explanatory of Complaint.**

   The plaintiff, in his reply to defendant's answer, may amplify the statement of his title to the goods in dispute by alleging in his complaint his title and right of possession and in the reply showing how he acquired them.

4. **Mortgage—Stock of Goods—Parol Agreement.**

   A parol mortgage of after-acquired goods, not then *in esse,* or not belonging to the mortgagor at the time, is good and binding between the parties.

CIVIL ACTION, tried before *Justice, J.,* and a jury, at April Term, 1907, of the Superior Court of GRANVILLE County.

This action was brought to recover a stock of goods. It appears that the defendant had given to the plaintiff, on 16 March, 1900, a mortgage on the stock of goods then in his store to secure the price of goods bought by him. The plain-

tiff alleged that he was entitled, under this mortgage, to the
property. · The defendant answered, on 1 August, 1906, and
denied the execution of the mortgage, and averred that it was
without consideration; that it does not embrace any goods
seized by the Sheriff in this action, or any goods now in the
defendant's store, the stock of goods described in the mort-
gage having long since been sold or disposed of. He then
avers that the mortgage, together with two others made at the
same time, each for $300, was executed by agreement of the
parties to defraud the defendant's creditors. The plaintiff
replied, on 10 November, 1906, as of August Term, 1906, as
follows: "That, subsequent to the execution and assignment
of said bond and mortgage, defendant bought other goods from
the plaintiff, which he expressly agreed should be included in
and held subject to the lien of said mortgage, and, from time
to time and until shortly before the bringing of this action,
continued to buy other goods from the plaintiff, under an
agreement that the goods so purchased, and all other goods in
the defendant's store, should be subject to the lien of said
mortgage, and mortgaged to plaintiff, as security for the
credits so extended, all of the goods in said store at the time
of the bringing of this action." He also denied the fraud
alleged in the answer. The reply remained on file for two
terms of the court before the trial of the case. At April
Term, 1907, on motion of the defendant, the Judge struck out
the reply because it had not been filed by order of the court
and was not marked "Filed," and, further, because the an-
swer did not call for a reply. At the trial the plaintiff
offered to introduce evidence tending to show "that the de-
fendant told the plaintiff, a day or two after the date of the
mortgage, that he had given the mortgage to secure that debt
and such as might be contracted thereafter; that he had given
Brown a paper that would protect the plaintiff as to the goods
he already had, and as to such as he might purchase there-
after, and from time to time he continued to buy other goods

from the plaintiff under an agreement that the goods so purchased and all other goods in the defendant's store should be subject to the provisions of the plaintiff's mortgage." The court excluded the evidence, and the plaintiff excepted.

The court having inspected the mortgage and held that the plaintiff had no lien on the goods, except those in the store at the date of the mortgage, the plaintiff excepted to the ruling, submitted to a nonsuit and appealed.

*Graham & Devin* for plaintiff.
*Winston & Bryant* for defendant.

WALKER, J., after stating the case: If it was the intention of the pleader to allege, in the third section of the reply, that there was a mutual mistake in drawing the mortgage, and that the real contract between the parties was that the instrument should embrace not only the goods then in the store, but all thereafter purchased to renew or replenish the stock, he should have so plainly stated and asked for a correction of the mortgage in that respect. But, while it would seem from the proof tendered that he intended so to allege, in part, we think that both the reply and the proof which were rejected by the court must be given a broader scope, and extend not only to a mistake in the mortgage, but also to include a separate and independent agreement to give the plaintiff a parol mortgage upon the original stock and all subsequent additions to it, or all goods thereafter purchased, to secure the entire indebtedness due to him. The expression in the reply, "and (the defendant) mortgaged to plaintiff, as security for the credits so extended, all of the goods in said store at the time of the bringing of this action," would seem to bear this construction if we give it a liberal interpretation, which we are required to do in order to administer substantial justice between the parties. Revisal, sec. 495. The pleading is not very explicit, we admit, but is sufficient, by the indulgence of the law, to embrace the idea of a parol lien or mortgage upon after-

acquired goods.    Such a mortgage is as good, at least between the parties, as if it had been in writing, provided, if reduced to writing, it would have been valid.    Cobbey on Chattel Mortgages, sec. 14; *McCoy v. Lassiter,* 95 N. C., 88; *Moore v. Brady,* 125 N. C., 35.    There can be no objection to the validity of the parol mortgage upon the ground that it embraced future acquisitions of goods, not then *in esse,* or not belonging to the mortgagor at the time.    *Perry v. White,* 111 N. C., 197; *Brown v. Dail,* 117 N. C., 41.    Jones, in his work on Chattel Mortgages (4th Ed.), sec. 154, says that a mortgage upon a stock of goods, and any new goods acquired by way of renewal or substitution for them, is valid, at least between the parties to it.    See, also, section 172 and Cobbey on Chattel Mortgages, secs. 355 and 370.    The reply is susceptible of the construction that the plaintiff and defendant agreed that the latter might sell the original stock in the ordinary course of trade, and that all new goods bought and substituted for those sold should be subject to the lien.    This agreement would seem to come within the principle stated and applied in *Sharpe v. Pearce,* 74 N. C., 600; Jones on Mortgages (4th Ed.), sec. 71; and would, perhaps, be valid as between the parties to the mortgage.    We have held that no particular form of words is necessary to create a lien or to constitute a mortgage, it being sufficient that the parties intended their agreement to operate as such.    *McCoy v. Lassiter, supra.*    The law seeks after the common intention of the parties, and enforces it as between them when it is ascertained. The ruling of the court, by which the reply was stricken out, we think, was erroneous.

If it was necessary for the defendant to aver that the mortgage given to the plaintiff did not embrace the property in dispute, instead of simply denying the plaintiff's title and right of possession thereto, this new matter is deemed to be controverted by the plaintiff as upon a direct denial or avoidance, as the case may require (Revisal, sec. 503; *Fitzgerald*

*v. Shelton,* 95 N. C., 519; *Buffkin v. Eason,* 110 N. C., 264; Clark's Code [3d Ed.], sec. 268, and cases cited at pp. 268 and 269); and, this being so, why should it be held improper for the plaintiff to file a written reply in order to state distinctly his defense to the new matter, whether a counterclaim or not, instead of relying upon the statutory reply? Such a written reply was made in *Bean v. Railroad,* 107 N. C., 731, and expressly approved by the Court. Whether he would be bound by such a pleading, and forbidden at the trial to prove other matter by way of avoidance, we need not decide, for the question is not before us. How was the defendant prejudiced by being informed of the particular grounds upon which the plaintiff claimed the right to recover the property? We are inclined to the opinion that, as the plaintiff merely alleged his title and right to possession, a general denial by the defendant would have sufficiently presented the real issue between the parties, unless the plaintiff sought to reform the mortgage. There is a marked difference between such an equity to reform the instrument and an agreement merely to substitute other property for that described in the mortgage. We think the court erred, also, in striking out the reply after it had remained on file several terms without any objection from the defendant. *Dempsey v. Rhodes,* 93 N. C., 120; *Kerchner v. Riley,* 72 N. C., 171; *McMillan v. Baker,* 92 N. C., 110; *Corn v. Stepp,* 84 N. C., 599.

We do not find any inconsistency between the complaint and the reply. In the complaint the plaintiff alleges simply his title and right of possession, and in the reply he shows how he acquired them. Where is the conflict? *Houston v. Sledge,* 98 N. C., 414; *Hardin v. Ray,* 94 N. C., 456. There is no departure in pleading here, as we understand the several allegations of the complaint and the reply. The plaintiff merely amplifies in the latter the statement of his title; and the case is, in principle, therefore, exactly like *Simpson v. Lumber Co.,* 133 N. C., 95. There is no new cause of action set up.

It is not necessary that we should consider the other matters discussed in the learned and well-prepared briefs of counsel. We are of the opinion that the court erred in its rulings upon the pleadings and the evidence, and a new trial is ordered.

New Trial.