### R. L. KEARNS v. DAVIS BROTHERS.

(Filed 28 November, 1923.)

#### Mortgages, Chattel—Parol Agreements—Intent—Evidence.

It is not necessary to the validity of a chattel mortgage between the parties that it be in writing or in any particular form, and where the seller takes from the purchaser a chattel mortgage unintentionally left unsigned by the purchaser, the intent of the parties may be evidenced thereby, as well as by their admissions and other relevant circumstances tending to show their intent at the time of the transaction.

APPEAL by defendants from *Lane, J.,* at March Term, 1923, of UNION.

This is an action to recover principal and interest on a $450 note, and for the possession under a chattel mortgage of a Fordson tractor which the defendants had bought of the plaintiff. It was alleged in the complaint and admitted in the answer that the chattel mortgage in writing had been duly executed, but on the trial it appeared that though the defendants had agreed to the chattel mortgage, and it had been drawn by defendants, it had not actually been signed, and the defendants asked permission during the trial, and obtained leave, to amend their answer to allege that no written chattel mortgage had been executed.

The jury responded to the issues that plaintiff was entitled to recover of the defendants $450 and interest, and was entitled to possession of the property described in the complaint, and judgment was entered accordingly. Appeal by defendants.

KEARNS v. DAVIS.

*Hammer & Moser* for plaintiff.
*C. N. Cox and Brittain, Brittain & Brittain* for defendants.

CLARK, C. J.  The defendants admit that they made the note to the plaintiff for $450 for balance due on the purchase of the tractor in question.  The defendants allege misrepresentation in regard to the condition of the tractor, which the answer avers was not new nor all right and did not operate as represented, and set up a counterclaim.  It is not necessary to consider the details of the controversy involved in the counterclaim because it was simply a matter of fact which the jury has answered against the defendants, and there is no dispute that $450 was the sum due by a note given as a balance due on the last payment for the tractor.

The real question at issue is as to the validity of the chattel mortgage, which the evidence shows was agreed to be given and which was drawn up, but on the trial appeared not to have been actually signed. The defendants objected to the introduction of the unsigned chattel mortgage as evidence and to the evidence which the court permitted to be introduced as to the filling out and acknowledgment of the unsigned memorandum, which the defendants admitted in their original answer was intended for a mortgage, but we think this evidence was competent and relevant, and the jury found that such paper-writing, although not signed, plainly and clearly expressed the intention on the part of the defendant to create a mortgage.  No particular form is necessary to create a chattel mortgage.  *McCoy v. Lassiter,* 95 N. C., 88; *White v. Carroll,* 146 N. C., 230.  In the latter case *Walker, J.,* says: "We have held that no particular form of words is necessary to create a lien or constitute a mortgage, it being sufficient that the parties intended their agreement to operate as such.  The law seeks after the common intention of the parties, and enforces it as between them when it is ascertained."

In *Odom v. Clark,* 146 N. C., 550, *Mr. Justice Hoke* says: "A valid mortgage of personalty can be executed without writing.  It has been held with us that a chattel mortgage in parol is good between the parties without writing." *Moore v. Brady,* 125 N. C., 35; *Mower v. McCarthy,* 7 L. R. A. (N. S.), 418, and notes; Jones Chattel Mortgage, sec. 2.

The intention of the parties to create a chattel mortgage could not be more clearly and forcibly expressed than in this case, by the pleadings, by the evidence of the plaintiff and his witnesses, by the admissions of the defendants and the circumstances affecting and surrounding the entire transaction.

Upon the entire record we find no reversible error, and the judgment of the court below is

Affirmed.