ELIZABETH KRON et als. *v.* M. A. SMITH et al.

*Amendment.*

1. The distinguishing feature of the practice introduced by *The Code,* is to have actions tried on their real merits, and avert a failure of justice from some defect that can be remedied by amendment, without prejudice to the other party.

2. The Superior Court has the power to allow amendments at any time, either in the allegations of the complaint, or in making new parties, except where the proof establishes a case wholly different from that made in the pleadings, or where the amendment would change the subject matter of the action.

(*Henderson* v. *Graham*, 84 N. C., 496; *Carpenter* v. *Huffsteller*, 87 N. C., 203; *Grant* v. *Burgwyn*, 88 N. C., 95; *Gill* v. *Young*, 88 N. C., 58; *Robbins* v. *Harris*, at this Term; *Reynolds* v. *Smalhers*, 87 N. C., 24; *Marsh* v. *Verble*, 79 N. C., 19; cited and approved).

MOTION to amend, by making new parties, heard before *Avery, Judge,* at Spring Term, 1886, of UNION Superior Court.

The present appeal is from another interlocutory order, for amending the pleadings by introducing one Dr. Kron as an associate plaintiff in the action, the record and the facts being the same, except in matters directly pertinent to the appeal, as in the appeal from the refusal of the Court to adjudge him and others in contempt.

The amendment became necessary because there was an outstanding term, of which two months were unexpired when the suit was begun, in the added plaintiff, a fact which seems to have been overlooked at the time, and thus the right of possession was not then in the plaintiff whose lessee the said Dr. Kron had become.

The motion to amend was made at Fall Term, 1884, and was acted on and allowed after the removal of the cause to the Superior Court of Union, on the terms of the payment by the plaintiffs of all the costs incurred up to and inclusive of the term when the motion was made, and their giving bond with sureties in the sum of two hundred dollars for the prosecution of the suit.

From this ruling the defendants appeal.

*Messrs. W. P. Bynum* and *J. J. Vann,* for the plaintiffs.
*Messrs. P. D. Walker* and *D. A. Covington,* for the defendants.

SMITH, C. J., (after stating the facts).   Upon a reference to the pleadings it will be seen that the controversy arises out of conflicting claims of title to the land, the defendant Melissa, (the defendant Dennis being in possession as her tenant of a part of the premises,) claiming for herself and other tenants in common, asserting in them a superior and paramount title to that of the plaintiffs, and hence the subject matter in controversy remains unchanged by the amendment allowed. It falls strictly within the provision of *The Code,* §273, which declares that the Judge or Court may, before and after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, &c.

The essential and distinguishing feature of the new practice, is to bring causes to trial upon their merits, and avert a failure for some defect which can be remedied without prejudice to litigants, and is necessary to the prosecution of or the defence to the action.

It may be that amendments are too liberally allowed, and thus encouragement given to carelessness in the preparation of pleadings, but the exercise of the discretion confided, with its limits, to the Court, is not subject to our review, unless those limits are exceeded.

In regard to parties, the necessity for others often appearing only in the progress and development of the cause, there is greater reason for addition and change, and this is usually permitted, when the essential elements of the dispute remain, and the defence not taken away, against the pending or any new action which the plaintiff, if the amendment were denied, would have to resort to for relief.

The cases on this subject are numerous.   A summons may be amended by the clerk affixing his signature ; *Henderson v. Graham,* 84 N. C., 496.   No amendment is permitted when the proof establishes a case wholly different from that made in the pleadings; *Carpenter* v. *Huffsteller,* 87 N. C., 203 ;

*Grant* v. *Burgwin,* 88 N. C., 95; or changing the subject matter of the suit; *Gill* v. *Young,* 88 N. C., 58; *Robbins* v. *Harris,* at this Term. A change of plaintiffs may be made; *Reynolds* v. *Smathers,* 87 N. C., 24; and this was allowed when the plaintiff claimed as assignee and could not prove the assignment, during the trial the assignor becoming a co-plaintiff, the substance of the action being the same. See also *Marsh* v. *Verble,* 79 N. C., 19, which case is decisive of the question of power, and, as then, so now, must the right to exercise it be sustained, and the more readily on the terms prescribed. It does not appear that any defences are taken away which could be set up in a new action commenced when the amendment was asked for, and it would be a reproach to the administration of the law, to deny to the Court the authority to allow it.

There is no error, and this opinion will be certified that the cause may proceed in the Court below.

No error.                                            Affirmed.