L. C. KING v. E. B. DUDLEY, Administrator of J. M. KING, et al.

*Pleading—Amendment of Complaint at Trial.*

1. Where the effect of an amendment to a complaint, asked for on the trial of an action, is neither to assert a cause of action wholly different from that set out in the original complaint, nor to change the subject-matter of the action, it is not improper to allow it to be made even after the plaintiff's evidence has been introduced; therefore,

2. Where, in an action to recover a crop raised on land formerly belonging to plaintiff's deceased husband, the complaint alleged that the land had descended to her three infant children, for whom one of the defendants had been appointed receiver; that she had occupied the tract on which the crop was grown as lessee of the receiver, and that it was withheld from her by the receiver and her second husband; and on the trial of the action, after plaintiff had introduced her evidence, and upon an intimation by the trial Judge that she could not recover upon her complaint as then framed, it was not improper to permit an amendment by which she laid claim to only part of the crop as having been cultivated by her on the portion of the tract on which the mansion house was located and in which she claimed dower.

CIVIL ACTION tried before *Shuford, J.,* and a jury, at March Term, 1893, of PITT Superior Court, for the recovery of certain crops and personal property described in the complaint.

The facts necessary to an understanding of the decision of the Court are set out in the opinion of Associate Justice BURWELL.

There was verdict for the plaintiff that she was the owner and entitled to the possession of the five crops claimed in her amended complaint, and of the personal property claimed by her. The jury further found that the receiver leased the Bensboro plantation for the year 1889 to John M. King, the plaintiff's second husband, and that no part of said plantation was leased to plaintiff during that year. There was judgment accordingly, and the defendant Cotten (who had been allowed to interplead as the assignee of a mortgage made on the crops by plaintiff's second husband, King) appealed.

*Mr. James E. Moore,* for plaintiff.
*Mr. Thomas J. Jarvis,* for appellant Cotten.

BURWELL, J.: The plaintiff, in her first complaint, alleges that she was the owner of certain stock, wagons and farming tools, which she described in the ninth article of that complaint, and of all the crops grown on a certain plantation known as the Bensboro tract in the year 1889, and that the possession of said property was wrongfully withheld from her by her husband and S. V. Joyner. This land had belonged to her former husband, B. S. Atkinson, and upon his death had descended to three infant children. The mansion house of said Atkinson was on this plantation, and no dower had been assigned to the plaintiff. S. V. Joyner had been appointed receiver of the estate of the said infants, and the plaintiff averred that the entire crop was hers, under an arrangement between the receiver and herself, she being liable to him for the children's share of the rent.

The defendant King died, and his administrator was made a party, and R. R. Cotten interpleaded in the action and claimed the crop and a portion of the other property under a mortgage made thereon by King to Royster & Strudwick, and by them assigned to him.

Upon the trial, after the plaintiff had introduced her evidence, or a portion of it, his Honor intimated that she had failed to establish her alleged title to the crop as lessee of the receiver, and then allowed her, notwithstanding the objection of defendants (Dudley, administrator, and Cotten) to file an amended complaint, called by her counsel a second cause of action, in which she set out that she was the owner, not of the whole crop, but of "a five-horse crop," grown on said plantation in 1889 by her tenants; that in that year she, being entitled to dower in the said tract, as well as in other lands of which B. S. Atkinson died seized, occupied the mansion house on said tract, and had a five-horse crop cultivated thereon by her own tenants, who used her stock.

We think it was entirely within his Honor's discretion to allow this amendment. It did not change the subject matter of the action. She had claimed all the crop. She, by the amendment, only admitted that a part of it belonged to the defendants. In her original complaint she asserted title to the crop as lessee of the receiver. In her second complaint she set out her relation to the Bensboro tract as the widow of B. S. Atkinson; that her dower had not been assigned to her, but that she did occupy and cultivate a five-horse farm on said land in 1889, and that the crop so cultivated by her was hers, and was wrongfully withheld from her. The effect of this amendment was neither to assert a cause of action wholly different from that set out in the original complaint, nor to change the subject-matter of the action, and was allowable. *Kron* v. *Smith*, 96 N. C., 389.

It is to be noted that S. V. Joyner, the receiver, who, in this action is the representative of the infant heirs of B. S.

Atkinson, did not object to this amendment.   No exception
was taken to the issues submitted to the jury.

A careful examination of his Honor's charge, as set out in
the case, leads us to the conclusion that the law applicable
to the matters thus at issue was fairly and clearly stated.
There was certainly some evidence that the plaintiff had
occupied, by her tenants, that part of the Bensboro tract on
which she claimed to have cultivated " a five-horse crop " by
the use of her own separate property.   It matters not under
what supposed right she occupied this portion of the land
for the purposes of this action, if, in fact, she did occupy it
and did grow a crop on it.   Under the charge of the Court
and the verdict of the jury, the owners of the land, the heirs
of B. S. Atkinson, represented by the receiver, got their rent
and are satisfied.   The tenants, by whose labor the five-horse
crop was raised, got their share, and they make no complaint.
The appellant has no right to any part of the crop except as
assignee of a mortgage put thereon by J. M. King, plaintiff's
husband.   He had no better title than King had, and the
verdict, founded in part on acts and declarations of the hus-
band, has established the fact that the plaintiff was the true
owner of the crop which, in her amended complaint, she
claims.   If, by her conduct, she had estopped herself from
asserting title to this crop against Royster & Strudwick, King's
mortgagees, or their assignee, it was incumbent on the defend-
ant, by proper issues and proper prayer for instructions, to
invoke the aid of that estoppel in defence of his rights.   He
pleaded it, and as there is no exception to the charge in this
respect, we assume that the trial was, in this respect, satisfac-
tory to him.

What we have said seems to cover all the exceptions taken
to the charge, and the exceptions to the admission of evidence
were not pressed before us.   We find no error, and the judg-
ment must be                                    Affirmed.