W. F. PARKER, Administrator of D. L. Simmons v. GEORGE A. HARDEN, Executor of Nancy M. Simmons.

(Decided February 22, 1898.)

*Practice—Amendment—Discretion of Judge—Premature Appeal.*

1. It is in the discretion of the trial Judge to allow an amendment which neither asserts a cause of action wholly different from that set out in the original complaint nor changes the subject matter of the action nor deprives the defendant of defences which he would have had to a new action.

2. Where a complaint alleges that defendant converted money, an amendment thereto alleging that defendant had received the money as trustee is allowable in the discretion of the Court, as it neither asserts a cause of action wholly different from that set

Parker *v.* Harden.

out in the original complaint nor changes the subject matter of the action nor deprives the defendant of any defences which he would have had to a new action.

3. An appeal from an order allowing an amendment to a pleading is premature, and will be dismissed. The right practice in such case is to note an exception and appeal from the final judgment.

4. The fact that on a former trial the correction of an error in the pleadings would have decided the case in favor of the defendant does not prevent the Court from allowing the complaint to be amended.

Civil action tried before *Bryan, J.*, at November Term, 1897, of Bertie Superior Court. The complaint in the action originally alleged a conversion of money received by Nancy M. Simmons, the testator of the defendant Harden, in her life time, and upon the granting of a new trial by the Supreme Court (121 N. C., 57), the plaintiff was allowed by his Honor to amend his complaint by alleging that his intestate, D. L. Simmons, had given to Nancy Simmons a sum of money to be held in trust for his estate. From the allowance of the amendment the defendant appealed.

*Mr. R. B. Peebles* for plaintiff.
*Mr. Francis D. Winston* for defendant (appellant).

Clark, J.: When the case was here before (121 N. C., 57) the Court held that there had been error in refusing the defendant's prayer for instruction that the action was barred by the Statute of Limitations. When the case went back the Court below permitted the plaintiff to amend his complaint. The amendment allowed was such as rested in the discretion of the Court and was not reviewable; but had it been appealable the appeal would be dismissed as premature, since the proper course was to note an exception and appeal from the final judgment. It is true that the error on the former trial was such that its correction, as the

pleadings then stood, would have decided the case for the defendant, but this did not necessarily deprive the Court of the power to permit an amendment of the complaint. *Bernhardt* v. *Brown*, 118, N. C., at p. 700. The amendment neither "asserts a cause of action wholly different from that set out in the original complaint nor changes the subject matter of the action nor deprives the defendant of defences he would have had to a new action." *King* v. *Dudley*, 113 N. C., 167, and cases cited Clark's Code (2nd Ed.), pp. 223, 224.

Appeal dismissed.