JOYNER v. EARLY.

(Filed September 12, 1905).

*Claim  and  Delivery—Amendments—Deceit  and  False Warranty.*

1. In an action for the possession of a mule, it was in the discretion of the court to allow the plaintiff to amend his complaint, which alleged simply ownership and wrongful detention, by setting out allegations of fraud and deceit on the part of the defendant in obtaining possession of the mule in a trade, such amendment being in no sense the introduction of a new cause of action.

2. Where the defendant obtained possession of a mule in a trade with the plaintiff by false, fraudulent and deceitful representations, the plaintiff may sue for damages for the false warranty, or repudiate the trade and sue to recover the specific property.

3. The declarations of a third person to the defendant were properly excluded, where the record shows that the plaintiff was not present.

ACTION to recover possession of a mule, heard before *Judge E. B. Jones* and a jury, at the Spring Term, 1905, of the Superior Court of HERTFORD County. From a judgment for plaintiff, the defendant appealed.

*Winborne & Lawrence* for the plaintiff.
*Francis D. Winston* and *John E. Vann* for the defendant.

BROWN, J. The plaintiff sued out claim and delivery proceedings for the mule and filed the ordinary complaint alleging simply ownership upon the part of the plaintiff and wrongful detention by the defendant. On the trial the plaintiff offered evidence tending to prove that the defendant obtained posession of the mule in a trade with the plaintiff by false, fraudulent and deceitful representations. At the conclusion of the plaintiff's evidence the defendant moved to

139—4

nonsuit. The court denied the motion and permitted the plaintiff to amend his complaint by setting out the allegations of fraud, misrepresentation and deceit upon the payment of costs "and the trial proceeded without objection by the defendant."

In his brief the defendant reviews the ruling of the court. Waiving the fact that the defendant did not except to the allowance of the amendment, we sustain the ruling of the judge below. It was in no sense the introduction of a new cause of action, nor is it prohibited in *Ely v. Early,* 94 N. C., 1. The mule was the property in controversy. The amended complaint simply set out in full the allegations of fraud and deceit.

Under the facts testified to by the plaintiff, he had the right to sue for damages for the alleged false warranty, or repudiate the trade and sue to recover the specific property. This is well settled. *DesFarges v. Pugh,* 93 N. C., 31; *Wilson v. White,* 80 N. C., 280; *Wallace v. Cohen,* 111 N. C., 103; Bishop on Contracts, section 667; Benjamin on Sales, section 656 and note; *Donaldson v. Farwell,* 93 U. S., 631; *Blake v. Blackley,* 109 N. C., 262.

The allowance of this amendment was a matter in the sound discretion of the court and not reviewable.

In his brief the defendant's third exception states that "the court refused to allow the defendant to testify to a conversation had with him and the plaintiff by one Sessoms." The record shows that the plaintiff was not present. The declarations of Sessoms to the defendant were properly excluded. We have examined the other exceptions and fail to find that the court below erred in any particular.

Affirmed.