LEFLER BROTHERS v. C. W. LANE & CO. ET AL.

(Filed 18 November, 1914.)

**Contracts, Written — Interpretation—Admeasurements by Engineer—Prima Facie Correct—Fraud or Mistake.**

Written contracts should be construed so as to effectuate the intent of the parties as embodied in the entire instrument, giving effect to each and every part when it can be done by fair and reasonable intendment. Hence, in construing the contract sued on in this case, that the plaintiffs were to cut and remove all timber from the defendant's 100-foot right of way, between certain stations, for a certain price per acre, etc., according·to admeasurement made by the defendant's engineer in charge, it is *Held*, that the plaintiffs are not entitled to receive the price per acre inclusive

of spaces upon the right of way already open and clear of trees, etc., for such is not only a reasonable interpretation of the language employed bearing directly upon the question, but any other interpretation would ignore entirely the stipulation that the work was to be paid for according to the admeasurements of the defendant's engineer; and while the engineer's estimates are not made conclusive under the terms of the contract, his determination of the question should be taken as *prima facie* correct and controlling unless impeached for fraud or mistake.

APPEAL by defendant from *Lane, J.,* at May Term, 1914, of DAVIDSON.

Civil action to recover the price of certain work done by plaintiffs for defendant under the following written contract:

"Be it known as an agreement between C. W. Lane & Co., Inc., parties of the first part, and Lefler Brothers, parties of the second part, that we, parties of the second part, for the sum of $30 per acre, agree to cut and move all timber from a 100-foot right of way, between stations 90 and ____ on the N. C. and Y. Railway; and in consideration of the said sum of $30 per acre we, the parties of the second part, further agree to clear all brush and rubbish off the right of way herein mentioned, and cut all stumps so that the tops will not exceed 4 inches above surface.

"This agreement is accepted and signed before witnesses on this 6 August, 1912."

There was evidence on the part of plaintiff tending to show that, pursuant to the agreement, they had removed timber, etc., for a certain distance along right of way, and the amount cleared up was 66 acres, arrived at by estimating the entire acreage on the right of way of 100 feet for the distance they had worked over, and allowing no deduction for land in cultivation or otherwise cleared and opened; that the amount in question had been ascertained by multiplying the length by the width of right of way, etc., and the sum due on that basis, of 66 acres, after crediting sums already paid, was $680.

There was evidence on part of defendant to the effect that the amount actually cleared by plaintiffs, according to specifications of the contract, was only 45.05 acres, arrived at by survey and admeasurement of H. B. Bayley, the engineer in charge. That officer testified that if there was any clearing at all done for the distance and within the 100 feet right of way, it was allowed for in the estimate. That defendant was ready and willing to pay on this basis, and had offered to do so.

The court charged the jury if they believed the evidence they would render verdict for amount claimed, $680, with interest.

Verdict for such amount. Judgment, and defendant excepted and appealed.

*E. E. Raper for plaintiff.*
*Phillips & Bower for defendant.*

HOKE, J.  In construing written contracts it is a well recognized rule, approved in repeated decisions of our Court, that the intent of the parties as embodied in the entire instrument shall prevail, and that each and every part shall be given effect, if this can be done by fair and reasonable intendment.  *Gilbert v. Shingle Co., post,* 286, citing, among other cases, *Hendricks v. Furniture Co.,* 156 N. C., 569; *Davis v. Frazier,* 150 N. C., 449.  The position referred to is very well stated in *Hendricks' case,* as follows: "The court, in construing a contract, will examine the whole instrument with reference to its separate parts, to ascertain the intention of the parties, and will not construe as meaningless any part or phrase thereof when a meaning may thus be found by any reasonable construction."

Applying the principle, we think it clear, from a perusal of this contract, that plaintiffs were not to be paid in any event for the entire amount covered by the boundary worked over, but only for such portions as were cleared by them according to the specifications of the contract. This is not only the more reasonable interpretation of the language employed bearing directly on the question, but to hold otherwise would be to ignore entirely the stipulation that the work was to be paid for "according to admeasurements made by the engineer in charge."  This was no doubt inserted for the reason that some parts of the land would be open and that the amount to be paid should be ascertained by survey and intelligent estimate, and, while the contract does not contain the provision that this estimate of the engineer shall be conclusive, giving his decision, as in some instances, the force and effect of an arbitration of the question, as in *Webb v. Trustees,* 143 N. C., 304; *Perry v. Ins. Co.,* 137 N. C., 402; *Wytheville v. R. R.,* 91 Va., 613; *Brooke v. Milling Co.,* 78 S. C., 200; and that class of cases, at the same time, the engineer being the person selected by the parties to perform this service, his determination of the question should be considered as *prima facie* correct and controlling unless impeached for fraud or mistake.  *R. R. v. Scholes,* 14 Ind. App., 534; Page on Contracts, sec. 1469; Elliott on Contracts, sec. 728; 9 Cyc., p. 617.

The clause then has, and was intended to have, some significance, and the construction which ignores it and which holds that the plaintiff is entitled to recover for the entire boundary and not for the amount actually cleared off, according to the specified terms of the contract, cannot be sustained.  For the error indicated, defendant is entitled to a new trial, and it is so ordered.

New trial.