D. A. LEFLER ET AL. v. C. W. LANE & CO.

(Filed 24 November, 1915.)

.1. Pleadings—Amendments—Court's Discretion—Commencement of Action

An amendment to a complaint is allowable in the reasonable discretion of the trial judge unless its effect is to add a new cause of action or change the subject-matter thereof, and an objection cannot successfully be urged on these grounds where the amendment is germane to the original action, involving substantially the same transaction and presenting no real departure from the demand as originally stated; and when properly allowed, it shall have reference by relation to the original institution of the suit. Revisal, sec. 507 et seq.

2. Same—Subcontractors—Railroads—Contracts—Correction—Equity.

Where the written contract with a subcontractor prevents the plaintiff from showing that he was entitled to recover for clearing a railroad right of way the full acreage between two points thereon, and not for only such parts as he had actually cleared, it is within the discretion of the trial judge to allow him, in his action, to amend his complaint by alleging that a stipulation of the contract, permitting such recovery, was omitted from the written contract by the mutual mistake of the parties.

3. Evidence—Contracts—Subcontractor—Matters at Issue.

The plaintiff sues the subcontractor of a railroad company for the amount due him under a contract to clear off a certain portion of the right of way, claiming a lien for the amount due from the principal contractor, and the amount of recovery was made to depend upon whether the plaintiff was to be paid by the defendant for clearing the total area or only such part as he actually cleared, at the stated price per acre. It is held, in this case, that the contract between the railroad and its subcontractor was directly put at issue, and was admissible in evidence for that and the further reason that it tended to establish the reasonableness of the plaintiff's contention, in showing the amount allowed the defendant for this work.

APPEAL by defendant from Lyon, J., at May Term, 1915, of DAVIDSON.

Civil action to recover an amount alleged to be due for clearing off a railroad right of way.

The jury rendered the following verdict:

1. Was it agreed between plaintiffs and defendant that the plaintiff should have $30 per acre for entire area of right of way of Carolina and Yadkin River Railway Company from Station 97 to High Rock, including "Y," as alleged in the complaint, and according to survey already made? Answer: Yes.

2. Was the provision that plaintiffs were to be paid for the entire area of right of way from Station No. 97 to High Rock, including "Y," according to survey of engineer as theretofore made, at $30 per acre, omitted from the contract by mutual mistake of the parties, as alleged in the complaint? Answer: Yes.

3. What is the area cleared over by plaintiffs for defendant under the contract? Answer: Sixty-six acres.

4. What was the number of acres of right of way cleared by plaintiffs for defendant? Answer: Sixty-six acres.

5. What amount is defendant company indebted to plaintiffs for the work of clearing the right of way, as alleged in the complaint? Answer: $680.

6. From what date are plaintiffs entitled to interest? Answer: From 1 November, 1912, to 1 June, 1915.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Emery E. Raper and Paul R. Raper for plaintiffs.*
*Phillips & Bower for defendant.*

HOKE, J. This action was instituted by plaintiffs, subcontractors, to recover an amount alleged to be due for clearing off a portion of the right of way of the Carolina and Yadkin River Railroad, in which defendant Lane & Co. was the principal contractor and sublet to plaintiff the portion of the work sued for. The railroad company was made defendant for purpose of enforcing and establishing a subcontractor's lien, and the complaint contains averments looking to the enforcement of the claim in that aspect.

As between plaintiffs and defendant Lane & Co., the complaint was originally drawn on the idea that plaintiff, under the contract as originally drawn, had the right to recover at so much per acre for the entire surface area of the distance cleared off, while defendant contended that the contract only conferred the right to recover for the amount actually cleared within the given area. There was recovery according to plaintiff's position and, on appeal, a new trial was granted, the Supreme Court holding that the contract as drawn, by correct interpretation, conferred a right of recovery only for the acreage actually cleared. See case, reported in 167 N. C., 267.

The opinion having been certified down, plaintiff, by leave of court and over defendant's objection, was allowed to amend his complaint so as to allege that the agreement between the parties gave plaintiff the right to recover for the entire surface area and that the stipulation to that effect was omitted from the contract by the mutual mistake of the parties.

This issue having been answered in plaintiff's favor and judgment entered, defendant objects to the validity of the trial chiefly on the ground that the court had no right to allow the amendment.

Under the statutes regulating our present system of procedure, Revisal 1905, sec. 507 *et seq.,* and numerous decisions construing the same, the power of amendment has been very broadly conferred and may and ordinarily should be exercised in "furtherance of justice," unless the effect is to add a new cause of action or change the subject-matter thereof, and our cases on the subject hold that, where the amendment is germane to the original action, involving substantially the same transaction and presenting no real departure from the demand as originally stated, it shall, when allowed, have reference by relation to the original institution of the suit. *Renn v. R. R., ante,* 128; *Joyner v. Early,* 139 N. C., 49; *Lassiter v. R. R.,* 136 N. C., 89; *Nims v. Blythe,* 127 N. C., 325; *Parker v. Harden,* 122 N. C., 111; *King v. Dudley,* 113 N. C., 167; *Kron v. Smith,* 96 N. C., 389; *Ely v. Early,* 94 N. C., 1. This last citation being not dissimilar to the amendment allowed in the present instance.

In illustration of the principle, it was held in *Parker's case, supra:* "It is in the discretion of the trial judge to allow an amendment which neither asserts a cause of action wholly different from that set out in the original complaint nor changes the subject-matter of the action nor deprives the defendant of defenses which he would have had to a new action."

And in case of *Smith v. Kron:*

"1. The distinguished feature of the practice introduced by the Code is to have actions tried on their real merits, and avert a failure of justice from some defect that can be remedied by amendment, without prejudice to the other party.

"2. The Superior Court has the power to allow amendments at any time, either in the allegations of the complaint or in making new parties, except where the proof establishes a case wholly different from that in the pleadings, or where the amendment would change the subject-matter of the action."

In our opinion these authorities are in full support of his Honor's decision allowing the amendment, and the objection of the defendant must be overruled. It was further objected that his Honor made an

erroneous decision in allowing the introduction of the contract between the railroad company and the defendant, showing, among other things, the amount allowed the principal contractor for clearing right of way. This document, showing the entire contract between the railroad company and Lane & Co., was directly put in issue by the pleadings, and, apart from this, its contents showing the amount allowed the principal contractor for this very same work were relevant on the first and second issues, tending, as they did, to show that the claim of plaintiff as to the terms of the contract sued on and the mistake in reference to it was neither unreasonable nor improbable.

There is no error, and the judgment in plaintiff's favor is affirmed. No error.