NORFOLK AND SOUTHERN RAILROAD COMPANY v. S. L. DILL, Jr.

(Filed 15 March, 1916.)

**1. Limitations of Actions—Pleadings—Amendments—Court's Discretion.**

It is within the reasonable discretion of the trial judge to allow amendments to pleadings when their allegations are germane to the original action, involving substantially the same transaction and presenting no real departure from the demand as originally stated, and when allowed it shall have reference to the original institution of the action.

**2. Same—Magistrates' Courts—Appeal—Carriers of Goods—Counterclaim.**

Where a carrier sues to recover its freight charges on a car-load of flour, before a justice of the peace, it is within the discretionary power of the Superior Court judge, on appeal, to permit the defendant to amend so as to allege damages, by way of counterclaim or offset, to the same shipment of flour, arising from the negligence of the carrier; and when allowed it will shut off the plaintiff's plea of the statute of limitations when the suit, as originally constituted, had been brought in the time specified.

CIVIL ACTION tried on appeal from a justice's court, before *Bond, J.,* and a jury, at October Term, 1915, of CRAVEN.

The action to recover an amount claimed for freight on a car-load of flour to the amount of $115.50 and said to be due 22 December, 1910, was instituted before a justice's court in said county on 18 July, 1913, and on general denial of liability the cause was tried and judgment given for plaintiff. On appeal to the Superior Court the cause came on for trial, as stated, before his Honor, W. M. Bond, judge, and a jury, at October Term, 1915, and, on motion, defendant was allowed to amend his pleadings so as to set up in defense of the action that the flour was wrongfully injured by plaintiff, and the injury thereto equaled or exceeded the amount of the freight charges sued on, to which order plaintiff duly excepted.

Plaintiff then moved that it be allowed to answer said plea and set up the statute of limitations thereto. Motion denied, and plaintiff duly excepted. Plaintiff then entered a general denial to the counterclaims, reserving the exceptions entered.

The jury rendered the following verdict:

1. Did the Norfolk Southern Railroad Company haul the flour in question to New Bern, and, by agreement with defendant Dill, place the car of flour on the track of the Atlantic Coast Line? Answer: "Yes."

2. What was the usual and lawful amount of freight for hauling said flour to New Bern? Answer: "$115.50."

3. Was said flour damaged by the negligence of the Norfolk Southern Railroad Company or prior transportation company in hauling the flour; and, if so, in what sum? Answer: "Yes; $130.25."

4. Is defendant S. L. Dill, Jr., indebted to the Norfolk Southern Railroad, plaintiff, over and above defendant's counterclaim; and, if so, in what sum? Answer: "No."

Judgment on the verdict that defendant go without day, and plaintiff excepted and appealed.

*L. J. Moore for plaintiff.*
*No counsel for defendant.*

HOKE, J. In *Lefler Bros. v. Lane Co.,* 170 N. C., 181, speaking to the power of amendment now vested in the Court, and its proper exercise, the Court said: "Under the statutes regulating our present system of procedure, Revisal 1905, sec. 507 *et seq.,* and numerous decisions construing the same, the power of amendment has been very broadly conferred and may and ordinarily should be exercised in "furtherance of justice," unless the effect is to add a new cause of action or change the subject-matter thereof, and our cases on the subject hold that where the amendment is germane to the original action, involving substantially the same transaction and presenting no real departure from the demand as originally stated, it shall, when allowed, have reference by relation to the original institution of the suit," citing, among other cases, *Renn v. R. R.,* 170 N. C., 128; *Joyner v. Earley,* 139 N. C., 49; *Lassiter v. R. R.,* 136 N. C., 89; *Nims v. Blythe,* 127 N. C., 325; *Parker v. Harden,* 122 N. C., 111; *King v. Dudley,* 113 N. C., 167; *Aaron v. Smith,* 96 N. C., 389; *Ely v. Early,* 94 N. C., 1. In application of this wholesome principle, it has been expressly held in *Thomas v. Simpson,* 80 N. C., 4, and in other cases: "That it is competent for the Superior Court, on the trial of an appeal from a justice of the peace, to allow a defendant to set up a counterclaim not made on the trial before the justice." The Court was, therefore, well within its powers in allowing the defendant to set up his claim for damages by way of defense, a course open to defendant in such cases, *Cheese Co. v. Pipkin,* 155 N. C., 394; *Hurst v. Everett,* 91 N. C., 399; and it might have gone further and allowed the plea by way of counterclaim.

It is urged for defendant that while the power of amendment has been liberally conferred under our present system, its proper exercise does not extend to allowing an amendment to the pleadings so as to introduce substantially a new cause of action or change the subject-matter of that first instituted, and, further, it is held that when an amendment of this character has been made without objection, it is reversible error not to allow the adverse party to enter thereto all the defenses and pleas available to him under the law. These positions were recognized as sound in *Lefler Bros. v. Lane Co., supra,* and the authorities cited, and have been directly approved in *Gillam v. Ins. Co.,* 121 N. C., 369,

and *Gill v. Young,* 88 N. C., 58, and many other cases; but the present appeal does not come within any such principle. This was a suit for freight charges for $115.50, and the counterclaim, allowed only by way of defense, was for negligent breach of this very contract of carriage in putting the freight, a lot of flour, in a leaky car and by reason of which it was greatly damaged. There was ample evidence of the validity of the claim, and the very long delay in suing for the freight charge, nearly three years, would seem to lend it support. It was not, therefore, a distinct cause of action nor did it change the subject-matter, but grew out of the very transaction presented and involved in the original demand, and, as heretofore stated, it was in the power of the court to allow it, whether stated in contract or tort, *Reynolds v. R. R.,* 136 N. C., 345, and by way of defense or counterclaim, and when allowed, in either aspect, it would be to shut off the plea of the statute of limitations or refer the determination of that question to the time when the suit was first commenced. *Lefler v. Lane, supra; Ely v. Early,* 94 N. C., 1-7; *Bremble v. Brown,* 71 N. C., 513; *R. R. v. Parks,* 86 Tenn., 554; 25 Cyc., p. 312.

We find, therefore, no reversible error in his Honor's rulings, and the judgment on the verdict is affirmed.

No error.