N. M. McLAUGHLIN AND ELM CITY LUMBER COMPANY v. RALEIGH, CHARLOTTE AND SOUTHERN AND NORFOLK AND SOUTHERN RAILWAY COMPANIES.

(Filed 3 October, 1917.)

1. **Actions, Joint —Withdrawal of Plaintiff — Courts — Amendments — Mistake—Statutes.**

    Where A. contracts with B. for the sale of lumber manufactured by him under a contract vesting the title in B. when it had been manufactured and placed on the dry-kiln trucks, and the lumber thus placed has been destroyed by fire, upon which they bring a joint action for the recovery of the damages alleged to have been caused by the defendant's negligence, upon its developing on the trial that the destroyed lumber belonged exclusively to B.; according to the contract, it is not error for the trial judge to permit A. to withdraw as plaintiff and to continue the suit and amend his complaint in respect to the mistake made in the construction of the contract. Rev., sec. 507.

2. **Actions, Joint—Withdrawal of Plaintiff—Courts—Defendant's Liability—Test.**

    The concern of the defendant, when the court permits one of two plaintiffs suing jointly for damages alleged from defendant's negligence to withdraw from the suit, is whether he will be protected from another suit growing out of the same transaction by the same parties; and when he is protected in this respect it is not error to his prejudice that the court permitted one of the plaintiffs to withdraw from the action.

3. **Limitation of Actions—Actions, Joint—Withdrawal of Party—Negligence—Pleadings—Amendments.**

Where damages are sought by joint plaintiffs upon the alleged negligence of the defendant, the cause of action is such negligence; and where one of them is permitted to withdraw and the other to amend, owing to a mistaken construction of a contract as to the joint ownership of the property damaged, the amendment referring to the same alleged negligent act does not create a new cause of action, but, being upon the same cause, relates back to the issuance of the summons, and when that was done in time the statute of limitations will not have run against it.

4. **Judgments—Estoppel—Parties—Privies—Subject-matter.**

Where the plaintiff in a former action for damages unites with another and brings a joint action to recover damages to different property alleged to have been caused by the same negligent act, the judgment in the former action may not successfully sustain the plea of *res judicata* as to the additional plaintiff in the second action, as he was not a party or privy thereto, and the subject-matters of the two actions are different.

5. **Same—Bailment.**

Where one of two joint plaintiffs in an action to recover damages is properly permitted to withdraw, owing to a mistake as to his joint ownership, the fact that he may have been the bailee of the other at the time of defendant's negligent act does not affect the cause of action of the continuing plaintiff.

APPEAL from *Stacy, J.,* at January Term, 1917, of HARNETT.

This is an action instituted by N. McLaughlin and the Elm City Lumber Company, as plaintiffs, to recover damages for the negligent burning of certain lumber.

The fire complained of, which occurred 11 November, 1912, destroyed the saw- and planing-mills of the plaintiff, N. McLaughlin, and the greater part of the lumber in the yard thereof.

The plaintiff, N. McLaughlin, brought an action to the September Term, 1913, of Harnett County Superior Court against the defendant for the recovery of damages on account of the burning of his saw- and planing mils, which action resulted in a judgment in favor of McLaughlin against the defendant for the recovery of $2,000, which sum, with the costs, was paid by the defendant.

The present action, instituted by N. McLaughlin *and* the Elm City Lumber Company against the defendant for the recovery of damages on account of the destruction, by the same fire, of lumber alleged to belong to the two plaintiffs *jointly,* was commenced by summons, dated 3 December, 1914.

Complaint was filed at January Term, 1914.

It alleges "That on 11 November, 1912, the plaintiffs were owners of a large amount of lumber; the plaintiff, N. McLaughlin, to the amount

and value of $4,971.12, and the plaintiff, Elm City Lumber Company, to the amount and value of $3,194.71, located on the lands." The material allegations of this complaint are denied by the defendants, and *res adjudicata* pleaded.

During the trial the plaintiff, N. McLaughlin, on 21 January, withdrew as a party, and, over objection and exception by defendant, the court permitted the plaintiff, Elm City Lumber Company, to file an amended complaint on said day.

In the amended complaint the Elm City Lumber Company claims to be the sole owner of the lumber destroyed by fire, and alleges its value to be in excess of $22,000 instead of $8,165.83, as alleged by the two plaintiffs jointly, and demands judgment for $8,165.83, the amount originally demanded by both plaintiffs.

The defendant, in its answer to the amended complaint, denied the material allegations thereof, and pleaded joint ownership of the property destroyed, by McLaughlin and the Elm City Lumber Company, and further pleaded *res adjudicata* and the statute of limitations.

The contract between McLaughlin and the Lumber Company was introduced in evidence.

There was a verdict and judgment in favor of the plaintiff lumber company, and the defendant appealed, contending:

1. That judgment of nonsuit ought to have been entered at the conclusion of the evidence, because it appeared that the Elm City Lumber Company was not the sole owner of the lumber, and that McLaughlin had an interest therein.

2. That the court had no power to allow the amendment to the complaint, contending that it introduced a new cause of action.

3. That the judgment in the former action between McLaughlin and the defendant operated as an estoppel upon the plaintiff lumber company.

4. That if the court had power to allow the amendment, that it did not relate to the commencement of the action, and that the cause of action was barred by the statute of limitations.

*E. F. Young and R. L. Godwin for plaintiffs.*
*D. H. McLean & Son, Clifford & Townsend, and Robinson & Lyon for defendant.*

ALLEN, J. The lumber which was destroyed by fire had been manufactured and placed on the dry-kiln trucks, and the contract between McLaughlin and the Elm City Lumber Company provides unconditionally that when in this condition the lumber becomes the property of the lumber company.

There is also incorporated in the contract an absolute bill of sale of the lumber from McLaughlin to the lumber company, and the provision as to change of prices, dependent upon fluctuations in the market, affected the amount due from the lumber company to McLaughlin, and not the title to the lumber.

The lumber company was therefore the sole owner of the lumber, and it was proper to permit McLaughlin, who had no title, to withdraw as a party plaintiff, and this was within the power of the court. *Campbell v. Power Co.,* 166 N. C., 488.

It was also permissible to allow an amendment to the complaint by alleging that the lumber company was the sole owner of the lumber, and this did not change the original cause of action and introduce a new cause of action.

The allegation in the original complaint that McLaughlin and the lumber company were the owners of the lumber was made under a mistaken construction of the contract, and the Revisal, sec. 507, provides that the judge or court may amend any pleading "by correcting a mistake in the name of a party, or a mistake in any other respect."

In *Ely v. Early,* 94 N. C., 1, a complaint was filed alleging the ownership of land, and an amendment was allowed alleging a mistake in a deed in the chain of title, and it was held that the amendment related to the summons.

In *Jarrett v. Gibbs,* 107 N. C., 303, a complaint was filed in the name of two plaintiffs alleging that they were the owners of certain cross-ties. The name of one of the plaintiffs was stricken out at the trial; and it was held in the Supreme Court that the judge could allow the remaining plaintiff to file an amended complaint alleging sole ownership of the cross-ties.

The only difference between this last case and the one before us is, that in the first the question was as to the ownership of cross-ties, while in this it is as to the ownership of lumber.

In *King v. Dudley,* 113 N. C., 169, the plaintiff alleged the ownership of all of a crop as lessee of certain receivers, and an amendment was approved, alleging sole ownership of a part.

In *Morton v. Water Company,* 168 N. C., 583, the plaintiff was allowed to amend by including property not in the original complaint, and by increasing his allegation of damage from $$2,000 to $4,000.

These authorities and others also hold that the cause of action is the wrong done—here, the burning of the lumber—and that the chief concern of the defendant as to parties is to have those before the court who will protect it against a second demand for the same cause.

Instructive cases on the question are *Simpson v. L. Co.,* 133 N. C., 95, an action to recover damages for negligent burning, in which *Walker, J.,*

says, "The cause of action was the negligent burning and the damage resulting therefrom"; and *Lassiter v. R. R.,* 136 N. C., 90, in which *Clark, C. J.,* draws the distinction between the cause of action, which is the wrongful act for which damages may be recovered, the object of an action, which is the relief demanded, and the right of action, which must be in the plaintiff.

It also follows, if the amendment is germane to the original cause of action, deals with the same transaction, and does not introduce a new cause of action, it relates back to the commencement of the action, and prevents the running of the statute of limitations from · that time. *Pickett v. R. R.,* 153 N. C., 149, and *Lefler v. Lane,* 170 N. C., 183.

In the *Pickett case* the plaintiffs sued to recover damages for injury to crops by overflow of water, and an amendment was allowed, alleging permanent injury to the land, and increasing the demand from $2,000 to $4,000. The defendants answered, and among other things pleaded the statute of limitations. The Court held against the plea, upon the ground that the amendment related to the commencement of the action, and among other things said: "We do not think the amendment added a new cause of action, but related only to the *quantum* of damages. The cause of action was the injury to the land, and the consequent damages."

And in the *Lefler case, Hoke, J.,* says: "Under the statute regulating our present system of procedure (Revisal 1905, sec. 507, *et seq.*), and numerous decisions construing the same, the power of amendment has been very broadly conferred, and may and ordinarily should be exercised in 'furtherance of justice,' unless the effect is to add a new cause of action or change the subject-matter thereof; and our cases on the subject hold that where the amendment is germane to the original action, involving substantially the same transaction and presenting no real departure from the demand as originally stated, it shall, when allowed, have reference by relation to the original institution of the suit."

We are therefore of opinion it was within the power of the court to allow the amendment, and as it relates to the commencement of the action, this disposes of the plea of the statute of limitations, this action having been commenced within three years from the time of the injury complained of.

Nor can the plea of *res adjudicata* avail the defendant, for the reason that the plaintiff in this action, the lumber company, was not· a party to the former action, nor in privity with any party thereto, and the subject-matter of the two actions is different.

The fact that McLaughlin, the plaintiff in the former action, may have been a bailee of the property, does not affect the question.

"It seems to be the accepted doctrine at present that if any permanent injury be done to the chattel, such an injury as will depreciate its value

when it returns to the bailor's hands, he may maintain a special action on the case against a third person for injury done by him to the reversionary interest, and this seems to be, both by reason and authority, the rule, whether the bailment has expired or not, and whether an action might or might not be maintained by the bailee against such person for trover, trespass, or replevin, to control the immediate possession." 3 Ruling Case Law, 141.

This disposes of all of the questions discussed in the brief.

No error.