A. F. JOYNER, ADMINISTRATOR, v. CHAMPION FIBER COMPANY ET AL.

(Filed 10 December, 1919.)

1. Pleadings—New Parties—Supplementary Complaint—"Since Last Con-. tinuance"—Court's Discretion—Statutes.

An employee sued a corporation to recover damages for an alleged negligent injury, and after pleadings filed it was announced in open court that a judgment had been agreed upon, apportioning the amount between the defendant and his indemnifying surety, not a party, but the surety objected to the amount apportioned therein to him on the eve of adjournment, and at the next term the court permitted the plaintiff to file a supplemental complaint, setting forth the agreement, in the nature of "a plea since last continuance," and ordering that the surety be made a party to the action : *Held*, the duty of the court to order all parties affected to be brought in (Revisal, 414), which is not appealable ; and that the amendment, with the course taken, was a proper one and did not constitute a new cause of action.

2. Appeal and Error—Parties—Statutes.

An appeal from an order of court making new parties is premature, the remedy of such being to have themselves exempt from paying cost in the final judgment in which the ultimate rights are to be determined. Rev., 563.

3. Judgments—Consent—Attorney and Client—Questions for Jury—Trials. —Evidence.

Whether an attorney had been authorized to enter a compromise judgment by his client is ordinarily a question of fact for the jury to determine.

4. Appeal and Error—Pleadings—Demurrer—Judgments.

An appeal will presently lie from the overruling of a *bona fide* demurrer, and an entry of judgment by default for the want of an answer, pending the appeal, is erroneous.

APPEAL by plaintiff, and also by defendant, Fidelity & Casualty Company, from *Ray, J.,* at May Term, 1919, of BUNCOMBE.

The action was brought against the defendants, Southern Railway Company, Champion Fibre Company, and J. H. Blizzard, to recover damages for the negligent killing of plaintiff's intestate while in the employment of the Champion Fibre Company, and while attempting to uncouple cars owned by Southern Railway Company, causing his death. The railway company and fibre company filed answers. The cause was set for trial, and witnesses subpœnaed. In negotiations for a compromise at that term it appeared that the defendant Fidelity & Casualty Company was liable for any recovery that might be had against the fibre company, and had employed lawyers in the cause to represent the fibre company, one of the defendants of record, and in consequence of instructions to their attorneys from the said Fidelity & Casualty Company, who

represented both the fibre company and the Fidelity & Casualty Company, a compromise was agreed to by counsel for all the parties that the plaintiff should recover judgment for $3,750, to be apportioned against the parties as follows: Champion Fibre Company, $250; Southern Railway Company, $500; Fidelity & Casualty Company, $3,000.

Said agreement was announced in open court, and the witnesses were discharged. After they had left the jurisdiction of the court, and on the eve of adjournment, plaintiff was notified that the Fidelity & Casualty Company made objection to the apportionment of the judgment, claiming that the railway company should pay a larger proportion and the fibre company a smaller part of the $3,750. The compromise was announced in open court at June Term, 1918. At December Term, 1918, the plaintiff filed a supplementary complaint in the nature of a "plea since last continuance," setting forth the said agreement, and the court adjudged that the Fidelity & Casualty Company was a necessary and proper party, and directed that a summons issue for said company as a party defendant, which was duly served upon the State Insurance Commissioner, as required by law, 3 January, 1919.

At May Term, 1919, the defendant Fidelity & Casualty Company entered a special appearance, and moved to be dismissed, which motion was denied. It then filed a demurrer involving the same question which was overruled, and it appealed. The Southern Railway Company and the fibre company filed answer admitting the allegations in the amended complaint. No answer having been filed by the Fidelity & Casualty Company, the plaintiff moved for judgment in accordance with the terms of the compromise set out in the verified amended complaint filed with the plaintiff, which the court refused, and the plaintiff appealed.

*Wells & Swain for plaintiffs.*
*Merrimon, Adams & Johnston for Fidelity & Casualty Company.*

CLARK, C. J. The court had the right, and in fact it was its duty, to require all the parties to be brought in whose rights would be affected by the proceeding. Rev., 414. The trial judge found as a fact that said company was a proper and necessary party after the alleged compromise, and his action was not reviewable. *Aiken v. Mfg. Co.,* 141 N. C., 339. The judgment "may determine the ultimate rights of the parties on each side between themselves." Rev., 563.

An order making additional parties is not appealable. *Bennett v. Shelton,* 117 N. C., 103; *Emory v. Parker,* 111 N. C., 261; *Lane v. Richardson,* 101 N. C., 181; and would have been premature, *Etchison v. McGuire,* 147 N. C., 389; *Bernard v. Shemwell,* 139 N. C., 447; *Tillery v. Candler,* 118 N. C., 889. In fact, there was no appeal or exception to the order.

Should an order making an additional party prove unnecessary the remedy is on the final judgment to allow such additional party to recover his costs.  *Walker v. Miller,* 139 N. C., 448; *Jarrett v. Gibbs,* 107 N. C., 304; *Henderson v. Graham,* 84 N. C., 496.

The proceeding by plea since last continuance, filing a supplemental complaint, became proper and, indeed, necessary to the final disposition of the action.  If the Fidelity & Casualty Company were, as alleged, responsible for any recovery against the fibre company, it may be that it was a proper party in the first instance, but it was not a necessary party till the compromise announced in open court.  *Gorrell v. Water Co.,* 124 N. C., 328, and cases cited thereto in the Anno. Ed.

The trial judge correctly held that the amended complaint was in effect a plea since the last continuance, and that the whole matter should properly be disposed of in this proceeding.  The courts do not favor a multiplicity of actions.  The amended complaint does not set forth a different and a new cause of action, but seeks to subject the Fidelity & Casualty Company on the alleged compromise by its duly accredited agent of its ultimate liability in this case, to which it has been made a party.

It was not necessary to institute a new action, but the whole matter should be properly and expeditiously settled in this proceeding by issuing a summons to make said company an additional party defendant, as was done.  If it is found that it did consent, through its duly accredited agent, to said compromise, judgment should be entered accordingly.

If it did not authorize such compromise its liability would depend upon the right of the plaintiff to recover, as beneficiary of the contract. Whether such compromise was authorized or not is a matter to be adjudged by a jury upon answer filed, and the plaintiff would have been entitled to judgment by default in not filing an answer, but for the fact that the Fidelity & Casualty Company filed a demurrer.

Upon overruling the demurrer the said Fidelity & Casualty Company was entitled to appeal, unless the demurrer had been held frivolous. Rev., 506.  The demurrer was proper overruled, but it was not frivolous, and the plaintiff was therefore not entitled to judgment pending the appeal from overruling the demurrer.

The judgment on both appeals is sustained.  Each party will pay its own costs of the appeal.  Judgment on both appeals

Affirmed.