DAVID GOINS v. J. D. SARGENT AND NORTH CAROLINA
GRANITE CORPORATION.

(Filed 9 January, 1929.)

**1. Pleadings—Complaint—Amending Complaint—Actions—Judges.**

The judge of the Superior Court has within his sound discretion the statutory authority to permit the plaintiff to amend his complaint when thereby the ground of the alleged cause is not so substantially changed as to become a new or different cause of action, and *Held,* in this action to recover damages for a conspiracy to prevent the employment by others of a discharged employee, C. S., 4477, 4478, the cause of action alleged was not substantially changed by allowing an amendment to the effect that the plaintiff had been employed by the defendant prior to the time of the alleged conspiracy. C. S., 513.

**2. Master and Servant—Relation—Discharge and Conspiracy to Prevent Servant Being Employed By Others—Trade Unions—Demurrer.**

Where an employer has discharged his employee for being a member of a lawful association of like employees, and has advised others, without a request from them, who would have engaged the services of such employee that he would not sell his product to them should they employ him, and thus has prevented the discharged employee from getting employment within the State, and forced him to obtain employment in another state, depriving him of his living at home here with his family, etc.: *Held,* the employee is entitled to recover damages in his civil action against his former employer, and a demurrer *ore tenus* to a complaint setting forth this cause of action is bad. C. S., 447, 448.

**3. Same—Burden of Proof—Malice—Damages.**

The provisions of C. S., 4477, 4478, allowing a discharged employee to recover damages in a civil action against his former employer for a conspiracy to deprive him of getting employment from others is remedial and does not put the burden upon the plaintiff of showing either malice or actual damages.

**4. Appeal and Error—Review—Interlocutory, Collateral, and Supplementary Proceedings; Premature Appeals—Demurrer.**

Upon the overruling of a demurrer to the sufficiency of the complaint in alleging a cause of action, an appeal to the Supreme Court immediately lies.

APPEAL by defendants from *MacRae, Special Judge,* at March Term, 1928, of SURRY. Affirmed.

Action by plaintiff, a discharged employee of defendants, to recover damages, upon his allegation that defendants unlawfully prevented plaintiff from obtaining employment, after his discharge, by other persons, firms, or corporations, thereby causing plaintiff damage in a large sum.

From judgment overruling their demurrer, *ore tenus,* to the complaint, for that the facts stated therein do not constitute a cause of action, defendants appealed to the Supreme Court.

*Holton & Holton, A. E. Tilley, D. L. Heath and R. C. Freeman for plaintiff.*
*W. F. Carter and Folger & Folger for defendants.*

CONNOR, J. Plaintiff is a stonecutter, and is dependent upon his employment as such for his livelihood. Prior to 1 January, 1922, he was employed by defendant, North Carolina Granite Corporation, as a stonecutter, at its quarry in Surry County, North Carolina. The said defendant was then and is now engaged in the business of quarrying and cutting stone for use in the erection and construction of buildings. Defendant, J. D. Sargent, is the manager and one of the owners of said corporation. On or about 1 January, 1922, plaintiff was discharged from the employment of defendants. He has sought employment as a stonecutter by other persons, firms and corporations, in this State, who required the services of stonecutters, but has failed to obtain such employment. Although a citizen of this State, he has been compelled to go to other states to obtain employment at his trade, thus being separated from his wife and children, and suffering great inconvenience, sacrifice and annoyance, all to his great damage in the sum of $10,000.

Defendants have notified other persons, firms and corporations, doing business in this State, and requiring for their said business, stone quar-

ried and cut by defendants, that defendants will not deliver such stone to any person, firm or corporation who shall employ or who shall retain in his, their or its employment, the plaintiff. By this means defendants have prevented plaintiff from obtaining employment as a stonecutter, in this State, by other persons, firms or corporations, who would otherwise have employed him, or retained him in their employment. Defendants have thereby compelled plaintiff to leave the State, in order to obtain employment, thereby "causing him to lose time for nearly a year, forcing him to go to the city of Philadelphia, in the State of Pennsylvania, to obtain work, at great inconvenience, sacrifice and annoyance, and compelling plaintiff to leave his wife and children, thus causing him great mental anguish and distress." By such unlawful conduct on their part, defendants have caused plaintiff damage in the sum of $10,000.

The only ground upon which defendants discharged plaintiff from their employment, and the only ground upon which they have refused and declined to deliver stone to any person, firm or corporation in this State, who shall employ plaintiff, or who shall retain plaintiff in their employment, is that plaintiff was, while in the employment of defendants, a member, in good standing, of an organization of stonecutters, known as G. C. I. A. This organization was authorized and maintained under and pursuant to the laws of the State of North Carolina.

The foregoing are the essential facts alleged in the complaint, and for the purposes of this appeal admitted to be true by the demurrer of defendants. The question presented for decision is, whether these facts, under the law of this State, constitute a good cause of action for damages.

In the original complaint filed in this action, to which defendants filed answers, in which they denied the essential allegations therein, there was no specific allegation to the effect that plaintiff had been employed by defendants and had been discharged from such employment, prior to the conduct of defendants, which plaintiff alleged was the cause of his damage. After the jury had been empaneled, for the trial of the issues raised by the pleadings, plaintiff took a voluntary nonsuit as to the second cause of action alleged in the complaint. Defendants, thereupon, demurred, *ore tenus*, to the complaint, for that the facts stated therein, as the first cause of action, were not sufficient to constitute a cause of action. The demurrer was overruled and defendants excepted. Thereupon, plaintiff moved for leave to amend his complaint, by inserting therein an allegation specifically alleging that he had been employed by defendants, and had been discharged from such employment, prior to the conduct of defendants by which they had prevented him from obtaining employment by other persons, firms or corporations, in this

State. This motion was allowed, and defendants excepted. The complaint was amended by leave of the court.

Defendant's contention that the court was without power to permit the amendment, for that thereby a new cause of action was alleged, cannot be sustained. It is immaterial now, whether the demurrer to the first cause of action, as set out in the original complaint, after the voluntary nonsuit was taken as to the second cause of action, was properly overruled or not. It may be conceded that there are decisions in other jurisdictions in support of defendants' contention that no cause of action was stated in the original complaint, and that the decision of this Court in *S. v. Van Pelt,* 136 N. C., 633, 49 S. E., 177, is apparently an authority in support of this contention. However, it should not be overlooked that *S. v. Van Pelt* is a criminal action upon an indictment charging a conspiracy, whereas the instant case, upon the first cause of action, as alleged in the original complaint, is a civil action for damages resulting from a conspiracy to which defendants were parties. In 12 C. J., 581, it is said: "While one who suffers from a conspiracy forbidden by the criminal law may maintain a civil action for damages caused by the parties to the combination, it is not essential to civil liability for a consummated conspiracy to do an unlawful act, that the means resorted to to effect the purpose, should be criminal, or that the act should be criminal. It is sufficient if it be to commit an act wrongful because of its affording a ground of action, civilly or criminally." See cases cited.

This, however, is not determinative of the question presented by defendants' assignments of error, based upon the exception to the order of the court permitting the amendment to the complaint. In *Lefler v. Lane,* 170 N. C., 181, 86 S. E., 1022, it is said: "Under the statutes regulating our present system of procedure, Revisal 1905, sec. 507 (now C. S., 547) *et seq.,* and numerous decisions construing the same, the power of amendment has been very broadly conferred, and may and ordinarily should be exercised in furtherance of justice, unless the effect is to add a new cause of action or change the subject-matter thereof, and our cases on the subject hold that, where the amendment is germane to the original action, involving substantially the same transaction and presenting no real departure from the demand as originally stated, it shall, when allowed, have reference by relation to the original institution of the suit." The principle has been subsequently stated and applied in *Gadsden v. Crafts,* 175 N. C., 358, 95 S. E., 610; *McLaughlin v. R. R.,* 174 N. C., 182, 93 S. E., 748; *R. R. v. Dill,* 171 N. C., 176, 88 S. E., 144. In each of these cases the power of the court to allow an amendment to a pleading was sustained. It is expressly provided by statute that "if a demurrer is filed, the plaintiff may be allowed to amend."

31—196

C. S., 513. Where a demurrer is filed to a complaint, either written or *ore tenus,* upon the ground that the facts stated therein are not sufficient to constitute a cause of action, it cannot be held that the court is without power, in its sound discretion, and in furtherance of justice, to permit an amendment to the complaint, which shall clearly meet the objection upon which the demurrer is filed. In proper cases the amendment should be permitted upon such terms, as the court may deem just to defendant, as for instance, a continuance of the trial, in order that defendant may prepare his defense to the amended complaint. In the instant case it is not suggested that defendants were prejudiced by the amendment. There was no error in permitting plaintiff to amend his complaint, after defendants had demurred thereto, upon the ground that the facts stated therein were not sufficient to constitute a cause of action.

Defendants' demurrer, *ore tenus,* to the amended complaint, for that the facts stated therein are not sufficient to constitute a cause of action, was properly overruled. The facts alleged therein constitute a cause of action, under the laws of this State, upon which plaintiff, a discharged employee of defendants, who has been prevented by the conduct of defendants from obtaining employment by other persons, firms or corporations in this State, is entitled to recover of defendants penal damages. Sections 4477 and 4478, of the Consolidated Statutes of North Carolina, 1919, which are sections 1 and 2 of chapter 858, Public Laws 1909, are in these words:

"4477. *Blacklisting employees.* If any person, agent, company or corporation, after having discharged any employee from his or its service, shall prevent or attempt to prevent, by word or writing of any kind, such discharged employee from obtaining employment with any other person, company or corporation, such person, agent, or corporation shall be guilty of a misdemeanor, and shall be punished by a fine not exceeding five hundred dollars, and such person, agent, company or corporation shall be liable in penal damages to such discharged person, to be recovered by civil action. This section shall not be construed as prohibiting any person or agent of any company or corporation from furnishing in writing, upon request, any other person, company or corporation to whom such discharged person or employee has applied for employment, a truthful statement of the reason for such discharge."

"4478. *Conspiring to blacklist employees.* It shall be unlawful for two or more persons to agree together to blacklist any discharged employee, or to attempt by words or writing, or any other means whatever, to prevent such discharged employee, or any employee who may have voluntarily left the service of his employer, from obtaining employment with any other person or company. Persons violating the provisions of

this section shall be guilty of a misdemeanor and shall be fined or imprisoned, or both, at the discretion of the court."

The foregoing statutes have been construed by this Court in *Seward v. R. R.,* 159 N. C., 242, 75 S. E., 34. It is there held that the statutes do not attempt to interfere with the right of an employer to discharge an employee for cause, or without cause. They do not seek to prohibit an employer from communicating to other employers the nature and character of their employees, when the facts would be for their interest. The purpose of the statutes is to protect employees in the enjoyment of their natural rights and privileges guaranteed them by the Constitution, viz., the right to sell their labor and acquire property thereby. *Allen, J.,* writing for the Court, says:

"Prior to the ratification of the act of 1909, statements as to the character and competency of discharged employees were frequently made voluntarily, and not upon request, and were sometimes prompted by malicious motives, when the motive was difficult of proof; when malice and the loss of service, as the result of the statement were proven, the damages were difficult of admeasurement; and where there was no loss of employment, but a mere attempt to prevent the employee from obtaining it, no compensatory damages could be awarded. The act remedies these defects, and under its provisions a statement as to the standing of a discharged employee is not privileged, unless made upon request; and whether privileged or not, if made maliciously, and the employer has thereby prevented or attempted to prevent the discharged employee from obtaining employment, the jury may award penal damages."

In the instant case defendants, having discharged plaintiff from their employment, solely because he was a member of an organization, authorized by the laws of this State, notified other persons, firms or corporations, who would otherwise have employed plaintiff as a stonecutter, of the fact of such discharge, and of the ground for the same, and advised such persons, firms and corporations, that if any person, firm or corporation employed plaintiff as a stonecutter, or in any capacity, defendants would refuse to deliver stone to such person, firm or corporation. This notice was given by defendants without any request, in writing or otherwise, for the same. It was given not to promote the interests of defendants, or of other persons, firms or corporations, but to prevent plaintiff from obtaining employment in this State. If these facts, now admitted by the demurrer, are established, at the trial, by a verdict, then by reason of the statute, plaintiff will be entitled to recover of defendants penal damages to be assessed by the jury.

By virtue of the statute, plaintiff is not required to allege or prove malice or actual damages; both are presumed. The General Assembly of this State evidently thought it just to relieve discharged employees,

who were prevented by former employers from obtaining employment by other persons, firms or corporations, by notice of the fact and ground for the discharge, without request, of the burden of proving either malice or actual damages. The right of a prospective employer to obtain from former employers, truthful statements as to the ground of the discharge is fully safeguarded by the provisions of the statute. The statute has now been in force in this State for twenty years, without amendment or alteration. It serves a useful purpose and has evidently met with the approval of the people of this State.

The suggestion in plaintiff's brief that this appeal is premature, and should be dismissed for that reason, does not require discussion. The demurrer was to the whole cause of action alleged in the amended complaint; it was not frivolous. An appeal lies to this Court from the order and judgment overruling the same. *Joyner v. Fibre Co.*, 178 N. C., 634, 101 S. E., 373. The judgment is

Affirmed.